339 So.2d 277 (1976)
CHARTER OAK FIRE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Benito REGALADO, Appellee.
No. 75-1533.
District Court of Appeal of Florida, Third District.
November 16, 1976.
Rehearing Denied December 3, 1976.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellant.
Horton, Perse & Ginsberg, Ratiner & Glinn, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
The appellant is the Charter Oak Fire Insurance Company and is the appellee's automobile insurance carrier. The action arose out of a dispute between the appellee, Benito Regalado, who is the insured, and the insurance company concerning the company's liability for the payment of personal injury protection benefits. The insured brought an action for recovery of losses claimed due under that provision of his policy. The company responded and claimed that it was not liable for any personal injury protection benefits because the insured was receiving payments of workmen's compensation benefits. The position of the company at that time was that it was not liable for any payment until workmen's compensation benefits had been exhausted and then only if the workmen's compensation *278 payments received for medical benefits were less in amount than the amount payable under the personal injury protection provision of the Automobile Reparations Reform Act, Florida Statutes, § 627.736. The trial court, after extensive discovery, entered a summary final judgment and held as follows:
"2. Pursuant to the provisions of the Florida Automobile Reparations Reform Act, workman's compensation benefits received by the claimant are credited against the Personal Injury Protection benefits paid by a Personal Injury Protection insurer and not credited against the amount of coverage, to wit: $5,000.00, afforded by the Personal Injury Protection carrier.
"3. Payments made in accordance with the provisions of the Automobile Reparations Reform Act must be made when they become due and in the ordinary course of business and the carrier owing such payments may not require the insured to exhaust workman's compensation benefits prior to applying for Personal Injury Protection benefits.
"4. The record here reflects that to date Personal Injury Protection benefits in the amount of $8,851.01 have been accrued by the plaintiff. The plaintiff has received from its workman's compensation carrier $6,474.05 in benefits. Therefore, the defendant currently owes the plaintiff $2,376.96 representing the difference between the total amount of damages accrued and the amount paid by workman's compensation benefits."
The thrust of the insurance company's contention in its brief is that an insurer is not required to pay personal injury protection benefits before the insured exhausts workmen's compensation benefits to which he is entitled. However, upon oral argument, appellant did not argue in support of the point as stated, but conceded that the insured did not have to exhaust all workmen's compensation prior to receiving personal injury protection benefits. He urged, instead, that in regard to all medical expenses, the intent of the personal injury protection provision of the statutes was that workmen's compensation payments should be held to cover all medical expenses where applicable and that the insured should be held to a recovery of medical expenses at the rate, and according to the schedule, set out in the workmen's compensation statute.
Appellant bases his argument upon Section 627.736(4), Florida Statutes, which reads as follows:
"BENEFITS; WHEN DUE.  Benefits due from an insurer under §§ 627.730-627.741 shall be primary, except that benefits received under any workmen's compensation law shall be credited against the benefits provided by subsection (1) and be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued..."
The appellee's position on this appeal is that workmen's compensation benefits received by the claimant are credited against the personal injury benefits paid by a personal injury protection insurer and not credited against the total amount of personal injury coverage available.
In Farley v. Gateway Insurance Co., 302 So.2d 177 (Fla. 2d DCA 1974), the District Court of Appeal, Second District, in rejecting a contention that the Florida Automobile Reparations Reform Act should be construed in a restrictive manner, made the following observations:
"First of all, § 627.731 thereof states that the purpose of the act is to provide for insurance benefits to be paid under motor vehicle policies without regard to fault. We think, therefore, the act was intended to broaden insurance coverage while at the same time reasonably limiting the amount of damages which could be claimed. The interpretation placed upon the act by the court below in the factual context of this case had the effect of reducing the scope of insurance coverage."
So stating, the appellate court reversed the judgment under review.
*279 We take it as established, therefore, that the purpose of the Automobile Reparations Reform Act was to broaden insurance coverage. Credit is provided for workmen's compensation benefits actually paid primarily because these benefits become payable and collectable in the ordinary course of events earlier than other types of benefits. Inasmuch as the language of the statute (see Section 627.736, Florida Statutes) requires the payment of all reasonable expenses incurred for necessary medical and surgical expenses, we reach the conclusion that the appellant is correct in conceding that workmen's compensation benefits need not be exhausted, but that his position that medical payments should be restricted to those proscribed by the workmen's compensation schedule is not well-taken. There is some ambiguity in Section 627.736(4), Florida Statutes, in that it states that PIP insurance is primary except that benefits received under workmen's compensation shall be "credited" against benefits "provided" under the no-fault law. We note that this subsection states that benefits provided by the section shall be due and payable "as loss accrues." We, therefore, reach the conclusion that the trial judge correctly determined that the benefits provided by the two sections are concurrent and that credit shall be given only upon a basis of payments actually made, not payments which may become due or will become due in the future. We hold that no error has been shown and, therefore, as to appellant's contention that the statute shows an intention to have workmen's compensation cover all medically related expenses where applicable, we reject the contention and find no error.
A careful reading of the act convinces us that there is no ground upon which to hold that the amounts payable under protection benefits should be limited by the workmen's compensation payments available for medical expenses. No authority has been cited for this position and we know of none.
The second point presented is that the trial court prematurely rendered a final money judgment in favor of appellee without requiring proof of the reasonableness of medical bills claimed due and owing and the extent of loss of earnings. Appellee concedes in his brief filed in this cause that he was not required by the court to prove the reasonableness of his medical bills. For that reason, that portion of the summary final judgment appealed rendering money judgment in favor of the appellee must be reversed and the cause remanded for a hearing on the reasonableness of the medical bills claimed and upon the extent of lost earnings and earning capacity.
Affirmed in part, reversed in part and remanded for further proceedings.