342 So.2d 848 (1977)
Louis FINE, Appellant,
v.
The TRAVELERS INSURANCE COMPANY, Appellee.
No. 75-2029.
District Court of Appeal of Florida, Third District.
February 22, 1977.
Horton, Perse & Ginsberg, Ronald A. Alter, Miami, for appellant.
Adams, George, Lee & Schulte and David L. Willing, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Plaintiff-insured appeals from a final judgment entered in the lower court in favor of defendant-insurer.
The final judgment provided that workmen's compensation benefits available to plaintiff as a result of injuries sustained in a job related automobile accident were primary to any claim for personal injury protection benefits (p.i.p.) sought by plaintiff from his insurer and that workmen's compensation received by plaintiff should be credited against p.i.p. coverage limits.
It is appellee-insurer's contention that p.i.p. benefits are not required to be paid until the available workmen's compensation insurance is exhausted. Once the benefits paid under said workmen's compensation accrue to the amount of $5,000.00, the existing statutory limit for payment of p.i.p. benefits, the personal injury protection insurer is relieved from paying the claimant any additional payments pursuant to provisions in the claimant's automobile insurance policy.
We were faced with an identical contention in the recent case of Charter Oak Fire Insurance Company v. Regalado, 339 So.2d 277 (Fla. 3d DCA 1976). We stated there *849 that the purpose of the Automobile Reparations Reform Act was to broaden insurance coverage and that pursuant to Section 627.736(4), Florida Statutes (1975), workmen's compensation benefits received by a claimant were therefore to be credited against p.i.p. benefits paid by an insurer, and not credited against the total amount of personal injury coverage available. In so ruling, we concluded the p.i.p. benefits and workmen's compensation benefits were concurrent and exhaustion of workmen's compensation was not a prerequisite to receiving p.i.p. benefits.
In light of the above, the final judgment appealed is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.