MILLS, Judge.
By this appeal, we are called upon to construe a part of the Florida Automobile Reparations Act, subsection (4) of Section 627.736, Florida Statutes (1975), which provides that personal injury protection benefits shall be primary, “except that benefits received under any workmen’s compensation law shall be credited against the benefits provided by subsection (1)”. Subsection (1) limits the benefits to $5,000.00.
Comeau contends that subsection (4) requires a personal injury protection insurer to supplement workmen’s compensation benefits until the insurer has paid its limits of $5,000.00. Safeco contends that the subsection requires an insurer to supplement workmen’s compensation benefits until the insured has been paid, both from workmen’s compensation benefits and from the insurer, $5,000.00.
While driving a tractor-trailer in the course of his employment, Comeau was involved in an accident and suffered bodily injuries. Safeco provided him with $5,000.00 statutory personal injury protection benefits. The workmen’s compensation carrier of Comeau’s employer paid him weekly compensation of $105.00. Safeco paid him the difference of $160.36 a week for lost wages until 2 January 1976, at which time Safeco advised him that no further benefits would be paid because the workmen’s compensation benefits plus personal injury protection benefits paid to him exceeded the $5,000.00 statutory limitation.
Comeau filed a declaratory judgment action against Safeco which resulted in the trial court ruling that subsection (4) only required Safeco to supplement workmen’s compensation benefits until Comeau had been paid, both from workmen’s compensation benefits and personal injury protection benefits, a total of $5,000.00. It is from this judgment that Comeau appeals.
*1087 Where the language of a statute is plain and unambiguous, conveying a clear and definite meaning, a court will not apply its interpretation. Wagner v. Botts, 88 So.2d 611 (Fla.1956). The legislature clearly and plainly stated in subsection (4) that workmen’s compensation benefits are credited against the statutory $5,000.00 limitation. It is obvious that the legislature intended that when workmen’s compensation benefits are received for the same items of loss and expense under any workmen’s compensation law, the total aggregate limit of personal injury protection benefits available with respect to such bodily injury shall be reduced by the amount of workmen’s compensation benefits received.
Safeco’s contention and the trial court’s interpretation of subsection (4) were correct.
The judgment is affirmed.
BOYER, C. J., and McCORD, J., concur.