PER CURIAM.
This case was scheduled for oral argument on March 23, 1977 by prior order of this court. Since the case was scheduled for argument, this court has resolved the single point presented on this appeal by its opinion in Comeau v. Safeco Insurance Company of America, 342 So.2d 1085 (Fla. 1st DCA 1977), Opinion filed March 3, 1977. In Comeau, this court said:
“By this appeal, we are called upon to construe a part of the Florida Automobile Reparations Act, subsection (4) of Section 627.736, Florida Statutes (1975), which provides that personal injury protection benefits shall be primary, ‘except that benefits received under any workmen’s compensation law shall be credited against the benefits provided by subsection (1)’. Subsection (1) limits the benefits to $5,000.00.
“Comeau contends that subsection (4) requires a personal injury protection insurer to supplement workmen’s compensation benefits until the insurer has paid its limits of $5,000.00. Safeco contends that the subsection requires an insurer to supplement workmen’s compensation benefits until the insured has been paid, both from workmen’s compensation benefits and from the insurer, $5,000.00.”
“. . . The legislature clearly and plainly stated in subsection (4) that workmen’s compensation benefits are credited against the statutory $5,000.00 limitation. It is obvious that the legislature intended that when workmen’s compensation benefits are received for the same items of loss and expense under any workmen’s compensation law, the total aggregate limit of personal injury protection benefits available with respect to such bodily injury shall be reduced by the amount of workmen’s compensation benefits received.”
In the case sub judice, the learned trial judge, who was without the benefit of our opinion in the Comeau case, held contra.
Accordingly, pursuant to the authority vested in us by Fia.App. Rule 3.10e., oral argument in this case is dispensed with and *670 the case is reversed and remanded for further proceedings consistent herewith.
REVERSED.
BOYER, C. J., and McCORD and RAWLS, JJ., concur.