356 So.2d 790 (1978)
George COMEAU, Petitioner,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Respondent.
No. 51384.
Supreme Court of Florida.
March 16, 1978.
*791 Hal Castillo and David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for petitioner.
Henry H. Graham, Jr. and Richard M. Hart, Jr. of Howell, Howell, Liles & Braddock, Jacksonville, for respondent.
KARL, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, First District, in Comeau v. Safeco Insurance Co., 342 So.2d 1085 (Fla. 1st DCA 1977), which directly conflicts with Fine v. Travelers Insurance Co., 342 So.2d 848 (Fla. 3d DCA 1977). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
While in the course of his employment, the petitioner was injured when the tractor-trailer which he was driving became involved in an accident. Respondent provided the petitioner with $5,000.00 statutory personal injury protection benefits. The petitioner's weekly salary was approximately $300.00. Petitioner received workmen's compensation awards of $105.00 weekly; respondent paid him the difference of $160.36 a week until January 2, 1976. On *792 this date, the respondent notified the petitioner that no further benefits would be paid because the workmen's compensation benefits plus the personal injury protection benefits had exceeded the $5,000.00 statutory limit. The petitioner then filed a complaint seeking a declaratory judgment against the respondent. In the complaint, the petitioner alleged that the Florida Automobile Reparations Reform Act required the respondent, as insurer, to supplement workmen's compensation awards until the respondent, itself, had paid the liability limits under its policy for personal injury protection benefits or $5,000.00 in lost wages. The respondent's amended answer alleged that the petitioner's policy specifically provided that personal injury protection benefits were reduced by the amount of workmen's compensation benefits received. The trial court accepted the respondent's argument and held that Section 627.736(4), Florida Statutes (1975), only required the respondent to supplement workmen's compensation benefits until the petitioner had received, both from workmen's compensation and from the respondent, a total of $5,000.00.
The District Court of Appeal affirmed the judgment of the trial court and explained:
"The legislature clearly and plainly stated in subsection (4) that workmen's compensation benefits are credited against the statutory $5,000.00 limitation. It is obvious that the legislature intended that when workmen's compensation benefits are received for the same items of loss and expense under any workmen's compensation law, the total aggregate limit of personal injury protection benefits available with respect to such bodily injury shall be reduced by the amount of workmen's compensation benefits received."
The question posited by petitioner for our review is whether Section 627.736(4), Florida Statutes (1975), requires an insurer to supplement workmen's compensation benefits until the insurer has, itself, paid the limits of liability under its policy for the required personal injury protection benefits.
Section 627.736, Florida Statutes (1975), provides in pertinent part:
"627.736 Required personal injury protection benefits; exclusions; priority. 
(1) REQUIRED BENEFITS.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle or motorcycle, all as specifically provided in subsections (2) and (4)(d), to a limit of $5,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
.....
"(b) Disability benefits.  One hundred percent of any loss of gross income and loss of earning capacity per individual, unless such benefits are deemed not includable in gross income for federal income tax purposes, in which event such benefits shall be limited to 85 percent, from inability to work proximately caused by the injury sustained by the injured person, plus all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed without income for the benefit of his household. All disability benefits payable under this provision shall be paid not less than every 2 weeks.
.....

*793 "(4) BENEFITS; WHEN DUE.  Benefits due from an insurer under ss. 627.730-627.741 shall be primary, except that benefits received under any workmen's compensation law shall be credited against the benefits provided by subsection (1) and be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.741."
Petitioner initially points out that the District Court, Third District, has ruled, in Fine v. Travelers Insurance Co., supra, that the total aggregate limit of personal injury protection benefits with respect to bodily injury is not reduced by the amount of workmen's compensation benefits received. Petitioner asserts that the applicable sections of the policy issued by respondent improperly lay a predicate for the instant construction by the District Court of Appeal, First District, and posits that the intent of Section 627.736(4), Florida Statutes (1975), (which became a part of the insurance contract since the parties are presumed to have entered into the contract with reference to the statute) is to eliminate one from recovering for a loss which is not sustained because of workmen's compensation benefits and is not to reduce the limits of liability under the statutory minimum required for personal injury protection benefits. By respondent's position and the District Court's holding, petitioner argues that respondent avoids the effective coverage of $5,000.00, the minimum statutorily required personal injury protection benefits. Petitioner contends that respondent is required to supplement workmen's compensation benefits until respondent has paid its limits of liability or the insured has returned to work.
Respondent submits that it is unreasonable to assume that Section 627.736(4), Florida Statutes (1975), indicates only a procedural manner of payment when it expressly and unambiguously requires that workmen's compensation benefits shall be credited. Respondent distinguishes the instant case from Fine v. Travelers Insurance Co., supra, on the basis that the question sub judice is whether or not the total aggregate limit of personal injury protection available should be reduced by workmen's compensation benefits received while the points resolved by the court in Fine v. Travelers Insurance Co., supra, involved whether workmen's compensation benefits are concurrent and whether exhaustion of workmen's compensation benefits is a prerequisite to receiving personal injury protection benefits. The credit allowed by Section 627.736(4), Florida Statutes (1975), is a setoff against the total aggregate limit available and not just against individual payments, argues respondent.
Petitioner replies that he is not seeking double recovery but, rather, is merely seeking to be paid the difference between workmen's compensation benefits and personal injury protection benefits for which he paid a premium until personal injury protection benefits of $5,000.00 are exhausted when he has suffered such a serious injury as would require this.
In Charter Oak Fire Insurance Co. v. Regalado, 339 So.2d 277 (Fla. 3d DCA 1976), an insured brought an action for recovery of losses claimed due under the personal injury protection benefits provision of his policy. The insurance company responded that it was not liable for personal injury protection benefits since the insured was receiving workmen's compensation and contended that it was not liable for any payment until workmen's compensation benefits were exhausted and then only if workmen's compensation payments received for medical benefits were less in amount than the amount payable under the personal injury protection provision of Section 627.736, Florida Statutes (1975). The trial court held in part:
"2. Pursuant to the provisions of the Florida Automobile Reparations Reform Act, workman's compensation benefits received by the claimant are credited against the Personal Injury Protection benefits paid by a Personal Injury Protection insurer and not credited against *794 the amount of coverage, to wit: $5,000.00, afforded by the Personal Injury Protection carrier."
"3. Payments made in accordance with the provisions of the Automobile Reparations Reform Act must be made when they become due and in the ordinary course of business and the carrier owing such payments may not require the insured to exhaust workman's compensation benefits prior to applying for Personal Injury Protection benefits."
The District Court, Third District, affirmed this portion of the trial court's summary judgment.
Subsequently, in Fine v. The Travelers Insurance Company, supra, the District Court of Appeal, Third District, relied on its earlier decision in Charter Oak Fire Insurance Co. v. Regalado, supra, and explained:
"We stated there that the purpose of the Automobile Reparations Reform Act was to broaden insurance coverage and that pursuant to Section 627.736(4), Florida Statutes (1975), workmen's compensation benefits received by a claimant were therefore to be credited against p.i.p. benefits paid by an insurer, and not credited against the total amount of personal injury coverage available. In so ruling, we concluded the p.i.p. benefits and workmen's compensation benefits were concurrent and exhaustion of workmen's compensation was not a prerequisite to receiving p.i.p. benefits."
We agree with petitioner's position and disagree with the holding of the District Court of Appeal, First District, sub judice, that the total aggregate limit of personal injury protection benefits available with respect to such bodily injury shall be reduced by the amount of workmen's compensation benefits received. Rather, we hold that an insurer is required to supplement workmen's compensation benefits until the insurer has itself paid the limits of liability under its policy for required personal injury protection benefits. The legislative intent behind Section 627.736(4), Florida Statutes (1975), is that whenever an automobile accident occurs, the personal injury protection benefits are primary and that they are to be paid in full whether or not any other coverage exists. If workmen's compensation benefits are available, personal injury protection benefits are still primary; however, to the extent that payments of workmen's compensation are made, personal injury protection benefits are supplemental until either the injured party has been fully compensated or until the personal injury protection insurer has paid the full $5,000.00 in such supplemental payments. This statutory provision is intended to give a credit, as a loss accrues, for workmen's compensation benefits, thereby preventing one from recovering for a loss which is not sustained because of workmen's compensation benefits, and is not intended to reduce the limits of liability under the statutory minimum required for personal injury protection benefits.
Petitioner, sub judice, is not attempting to recover for a loss not sustained nor to recover twice for the same loss.
Accordingly, for the foregoing reason, the decision of the District Court of Appeal, First District, is quashed and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.