KARL, Justice.
We have for review on petition for writ of certiorari the decision of the District Court of Appeal, First District, reported at 343 So.2d 669 (Fla. 1st DCA 1977), which directly conflicts with Charter Oak Fire Insurance Co. v. Regalado, 339 So.2d 277 (Fla. 3d DCA 1976), and Fine v. Travelers Insurance Co., 342 So.2d 848 (Fla. 3d DCA 1977), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner was involved in an one-car accident in the course and scope of his employment. He applied for personal injury protection benefits from respondent, Travelers, under his policy of automobile liability insurance and for workmen’s compensation benefits.
As of August 11,1975, Travelers had paid a total of $1,174.28, and the workmen’s compensation carrier had paid a total of $3,684.92, as well as payment of hospital expenses. As of this date, Travelers disclaimed any further liability on the basis that personal injury protection payments and workmen’s compensation benefits had exceeded $5,000.00. By letter, Travelers advised petitioner’s attorney that since, under Section 627.736(4), Florida Statutes (1975), workmen’s compensation benefits are credited against the benefits provided by Section 627.736(1), Florida Statutes (1975), it had exhausted the total amount of personal injury protection benefits which could be payable under petitioner’s policy. Petitioner then filed a complaint against Travelers to recover additional personal injury protection benefits and for a declaratory judgment as to whether the workmen’s compensation benefits he received diminish the benefits due from his personal injury protection carrier under Section 627.736, Florida Statutes (1975). Travelers answered that it had paid to petitioner all benefits to which he was entitled under the policy.
After pre-trial conference, with the consent of the parties, the trial court made a determination as to whether the $5,000 maximum liability of the personal injury protection carrier is diminished by amounts received from workmen’s compensation for the same benefits as those provided under the personal injury protection coverage. The trial court held that the $5,000.00 maximum does not enter into a consideration of that which is primary and that which is secondary under Section 627.736, Florida Statutes (1975); that petitioner may recover any benefits recoverable for lost wages under the Florida Automobile Reparations Act against his own carrier giving credit therefor for any sums under workmen’s compensation law; that the trial of the cause would be limited to the issues of what lost wages have resulted to petitioner as a result of the accident and what workmen’s *796 compensation benefits shall be credited to such lost wages as a result of workmen’s compensation payments; that the judgment against Travelers shall not exceed $5,000.00 less payments, if any, as it has made; and that payments by workmen’s compensation carrier shall not be a credit against the $5,000.00 maximum. The parties, thereafter, stipulated that the amount due under the court’s ruling would be $3,825.72, with-costs of $26.00 and attorneys fees of $1,000.00. Pinal judgment was entered thereon.
Upon appeal, the District Court of Appeal reversed the final judgment on the authority of Comeau v. Safeco Ins. Co., 342 So.2d 1085 (Fla. 1st DCA 1977), which decision is also before this Court for review.
We have this date quashed the decision of the District Court of Appeal, First District, in Comeau v. Safeco Ins. Co., supra. For the reasons stated therein, we likewise quash the decision of the District Court, sub judiee, and agree with the judgment of the trial court.
Accordingly, the decision of the District Court of Appeal is quashed, and this cause is remanded with directions that the judgment of the trial court be reinstated.
It is so ordered.
OVERTON, C. J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.