PEARSON, TILLMAN (Ret.), Associate Judge.
Plaintiff Haydee Diaz is the recipient of workers’ compensation benefits from her employer, Metropolitan Dade County, in an amount equal to 70% of her average weekly wage. Her action below sought recovery of the remaining 30% of her average weekly wage from her automobile liability insurance carrier, defendant South Carolina Insurance Company, on the basis of Section 627.736(4), Florida Statutes (1979), under the personal injury protection (PIP) provisions of her policy. Following a summary final judgment for the insurance company, plaintiff Diaz appealed.
With no contention of any genuine issue of material fact being raised, the only issue before us is one of law, concerning whether the defendant PIP carrier was required to pay in benefits the difference between the plaintiff’s average weekly wage and weekly workers’ compensation award so that the claimant would be 100 percent compensated for her loss of wages.
Section 627.736(l)(b), Florida Statutes (1979), as amended by Chapter 77-468, Section 33, Laws of Florida, is applicable to the facts of this case. It provides that PIP benefits are limited to 60 percent of the wage loss. Section 627.736(4), Florida Statutes (1979), provides that PIP benefits “. . . shall be primary, except that benefits received under any worker’s compensation law or Medicaid ... shall be credited against ...” PIP benefits. We hold that where the weekly compensation under the worker’s compensation law equals or exceeds 60 percent of the weekly wage, no PIP benefits are payable.
The plaintiff relies upon Comeau v. Safeco Insurance Company of America, 356 So.2d 790 (Fla.1978), and Charter Oak Fire Insurance Company v. Regalado, 339 So.2d 277 (Fla.3d DCA 1976), for a contrary result. We believe that Comeau does not support a recovery of 100 percent of the loss, inasmuch as that case held that the total aggregate limit of PIP benefits payable was not reduced by the amount of workers’ compensation benefits received and that the PIP carrier was required to supplement workers’ compensation benefits until it had paid the limit of liability under its policy. Here, the limit of liability was for 60 percent of the wage loss. Charter Oak held that PIP benefits were not limited to exclude all payments for medically-related expenses payable under workers’ com *388 pensation. The opinion did not deal with the percentage liability of the PIP carrier for wage loss.
Accordingly, the judgment of the trial court, holding that PIP coverage is limited to 60 percent of the wage loss, is affirmed.
Affirmed.