STONE, Judge.
Jennie Greer was injured in an automobile accident in the course of her employment. She received PIP benefits from State Automobile Insurance Company for loss of earnings and medical expenses. She subsequently received workers’ compensation benefits for substantially the same period. The insurer sued for recovery of the duplicate benefits paid. The appellant counterclaimed for subsequent lost wage benefits for which she has not been compensated. The trial court entered a summary judgment against the appellant on the counterclaim and entered judgment for State Auto for the duplicate payments. We reverse.
Section 627.736(4), Florida Statutes, of the Florida Motor Vehicle No-Fault Law, provides:
(4) BENEFITS; WHEN DUE. — Benefits due from an insurer under ss. 627.-730-627.7405 shall be primary, except that benefits received under any workers’ compensation law or Medicaid as provided under 42 U.S.C. s. 1396 et seq. shall be credited against the benefits provided by subsection (1) and shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss....
The purpose of this subsection is to preclude a duplication of recovery. South Carolina Insurance Co. v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985). However, here there is no duplication to the extent that the potential loss exceeds the workers’ compensation payments.
In Comeau v. Safeco Insurance Company of America, 356 So.2d 790 (Fla.1978), the supreme court recognized that an insured is entitled to recover PIP payments for lost wages which supplement, but do not duplicate, the workers’ compensation benefits, until the PIP limits have been paid. The payment of workers’ compensation benefits does not reduce the potential supplemental coverage available from the PIP insurer. Cf Comeau v. Safeco Insur- *510 anee Company of America; Kovamik v. Royal Globe Insurance Co., 363 So.2d 166 (Fla. 4th DGA 1978).
We conclude that it was error to grant the summary judgment in favor of State Auto on the counterclaim. The appellant is entitled to claim coverage to the extent that her loss exceeds the workers’ compensation payments, up to the limits of her PIP policy.
We find no merit in appellee’s contention that the appellant was required by law to file a formal claim form with the insurer before being permitted to file a counterclaim. The additional coverage was clearly not available until such time as the insurer prevailed on its complaint and recovered the benefits claimed by appellant for the identical expenses paid under workers’ compensation. The insurer is not entitled to retain the benefits that are otherwise due the insured simply because the insured placed herself in this position by contesting the State Auto claim. We note that appel-lee’s statute of limitations argument has not been considered by us as it was not previously considered by the trial court.
We therefore reverse and remand for further proceedings.
GUNTHER, J., and TOBIN, DAVID L., Associate Judge, concur.