BROWNING, J.
Respondent, who was involved in an automobile accident that occurred during the *543 course and scope of his employment, was paid 66-2/3 % of his lost wages under Florida’s workers’ compensation scheme. Thereafter, Respondent filed a claim with Petitioner for reimbursement under his personal injury protection (PIP) policy. Petitioner denied the' claim. The county court ordered Petitioner to pay 60 % of the difference between Respondent’s total lost wages and Respondent’s total workers’ compensation payments. The circuit court affirmed. We grant the petition for writ of certiorari because both lower courts failed to correctly apply the applicable newer version of section 627.736, Florida Statutes (2000), as interpreted by the district courts in Diaz v. South Carolina Insurance Co., 397 So.2d 386, 387 (Fla. 3d DCA 1981), and Jorglewich v. Lumbermens Mutual Casualty Co., 522 So.2d 114, 115 (Fla. 5th DCA 1988). Under these circumstances, certiorari review is proper pursuant to Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003) (stating that an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review). Therefore, we QUASH the decision under review and grant the petition, WITH DIRECTIONS that the circuit court reverse the county court’s summary judgment and remand to the county court for further proceedings consistent with this opinion.
POLSTON and HAWKES, JJ.. concur.