## Francisco Ortiz, Respondent, v Queens Transit Corporation et al., Appellants.

First Department, October 18, 1979

### APPEARANCES OF COUNSEL

*Marshall D. Sweetbaum* of counsel *(Goodstein, Mehlman & Krones,* attorneys), for appellants.

### OPINION OF THE COURT

Sandler, J.

The question presented is whether a plaintiff, in a negligence action against an alleged third-party tort-feasor who qualifies as a covered person under subdivision 10 of section 671 of the Insurance Law may recover for basic economic loss when the workmen's compensation carrier has asserted a lien in the amount of benefits paid to plaintiff against the proceeds

of the judgment pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law. We hold that he may not.

Plaintiff sustained injuries in an employment-related automobile accident arising out of a collision between a motor vehicle driven by him and one driven by the defendant Cunningham and owned by the defendant Queens Transit Corporation. Plaintiff received payments totaling $6,777.69 from his workmen's compensation carrier. In addition, as authorized by subdivision 1 of section 29 of the Workers' Compensation Law, and pursuant to article 18 of the Insurance Law (no-fault), plaintiff instituted this negligence action against the defendants.

The trial of the action resulted in a jury's verdict in plaintiff's favor in the amount of $4,300, that sum representing recovery for pain and suffering only, the trial court having excluded recovery for items constituting basic economic loss in accordance with subdivision 1 of section 673 of the Insurance Law.

Shortly after the case was tried, the Court of Appeals held that the lien given to a workmen's compensation carrier against "any recovery" by a compensation claimant in a third-party action applied to a recovery limited by statute to pain and suffering only (*Matter of Granger v Urda*, 44 NY2d 91, revg 54 AD2d 377). Apparently disturbed that application of the *Granger* ruling would deprive this plaintiff of his entire recovery, the court in the order here appealed from granted plaintiff's motion for a new trial in which plaintiff would be permitted to prove economic loss at least to the extent of the carrier's lien.

The order should be reversed in light of the decision of the Court of Appeals in *Grello v Daszykowski* (44 NY2d 894) which held in substance that a plaintiff in precisely this kind of situation may recover from the no-fault carrier the amounts recouped from him by the compensation carrier under its lien.

In *Granger,* the Court of Appeals described a problem "apparently not contemplated by the Legislature" in the following terms (at p 99): "In enacting the no-fault law, the Legislature chose not to alter the absolute nature of the section 29 lien in favor of a compensation carrier which attaches to the 'proceeds of any recovery' in favor of a compensation claimant against a third party. At the same time, it also authorized the no-fault insurer to deduct from those

benefits payable to an injured employee on account of his basic economic loss any amounts recovered or recoverable as workmen's compensation benefits. Thus, if both statutes are read literally a harsh, unintended result obtains. * * * Manifestly, corrective legislative action is advisable, if not imperative."

The court went on to observe that in separate dissenting opinions in the Appellate Division, alternative approaches to the present statutory arrangement were advanced that in different ways would avoid the "harsh, unintended result."

As summarized by the Court of Appeals in its opinion (at p 99): "In dissent, Justice HERLIHY * * * was of the opinion that although section 673 of the Insurance Law on its face prohibits the recovery of basic economic loss in a third-party action, the provisions of this statute should not be construed to prohibit recovery where a portion thereof is for the benefit of the compensation carrier under section 29 of the Workmen's Compensation Law. Justice GREENBLOTT in his dissent * * * concludes that 'it is the no-fault carrier which should suffer the loss, and petitioner should be required to proceed against the no-fault carrier to enforce his rights against it.' This conclusion is reasoned from the holding that the compensation benefits received by petitioner are not amounts 'recovered or recoverable' within the meaning of section 671 (subd 2, par [b]) of the Insurance Law and due to the entitlement of the workmen's compensation carrier to recoup such benefits pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law."

The court, however, refrained from expressing any view with regard to rights that might be asserted against the no-fault carrier and the third-party no-fault carrier since they were not parties to the proceeding. In addition, the court abstained from determining the right, if any, of a no-fault carrier, upon payment of full first-party benefits, to seek recoupment from a third party's insurer under the loss transfer provisions of section 674 of the Insurance Law.

The questions reserved in *Granger* were addressed at least in part in *Grello v Daszykowski* (44 NY2d 894, *supra).* In *Grello,* the plaintiff in an action against a third-party tortfeasor moved to vacate the lien filed by the workmen's compensation carrier. That carrier, coincidentally, was also the no-fault carrier. Special Term denied the motion to vacate the lien of the workmen's compensation carrier and the Appellate Division reversed. The Court of Appeals reversed in turn.

Noting that the no-fault carrier was a party to the proceeding, in distinction to *Granger,* the Court of Appeals said (at pp 895-896): "We therefore hold that if the workmen's compensation carrier executes on the lien, the no-fault carrier must bear the loss because the amount recouped obviously cannot be offset as 'amounts recovered or recoverable * * * under * * * laws providing * * * workmen's compensation benefits' (Insurance Law, § 671, subd 2)."

Although the precise issue presented on this appeal was not before the Court of Apepals in *Grello,* we doubt that the holding in that case, in effect providing that a plaintiff in the instant situation has recourse in the first instance against the no-fault carrier, can reasonably be reconciled with a rule that would permit recovery of basic economic loss from a third-party tort-feasor in flat contradiction of subdivision 1 of section 673 of the Insurance Law which expressly provides: "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

The order of the Supreme Court, Bronx County (CALLAHAN, J.), entered September 27, 1978, which granted plaintiff's motion for a new trial, should be reversed, on the law, and the motion for a new trial denied, without costs and without disbursements.

KUPFERMAN, J. P. (dissenting in part). I would modify to limit the claim in a new trial against the third-party tort-feasor for basic economic loss to the amount of the lien, and otherwise affirm.

It is conceded that there could be a harsh unintended result if the lien were to wipe out the recovery for pain and suffering, and while there is any question still remaining as to the possibility of a proper recovery, we should not foreclose the plaintiff. (Cf. *United States v Government Employees Ins. Co.,* 605 F2d 669.)

FEIN, SULLIVAN and LANE, JJ., concur with SANDLER, J.; KUPFERMAN, J. P., dissents in part in an opinion.

Order, Supreme Court, Bronx County, entered on September 27, 1978, reversed, on the law, without costs and without disbursements, and the motion for a new trial denied.