■ JULIO MORA et al., Respondents, v NICHOLAS ORTIZ et al., Respondents, and EMPIRE MUTUAL INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County, entered April 26, 1979, denying the motion of appellant Empire Mutual Insurance Company to vacate a prior order directing it to reimburse the State Insurance Fund for sums paid to plaintiff Mora as workers' compensation benefits and dispensing with the consent of the State Insurance Fund to the settlement of the third-party action, reversed, on the law, and the motion granted, without costs, and the matter remanded for further proceedings not inconsistent herewith. On November 17, 1975, plaintiff Julio Mora (Mora), a taxicab driver employed by plaintiff Kfar Taxi, Inc. (Kfar), was injured in a collision with a vehicle owned by one defendant and operated by the other. As a result of the accident Mora sought three separate types of relief. He applied (1) for workers' compensation benefits, (2) for first-party (no-fault) benefits and (3) he brought this third-party action for damages for pain and suffering. The State Insurance Fund (the Fund), the workers' compensation carrier, paid to and on Mora's behalf, the sum of $13,928.37 up to and including October 13, 1979. Further payments were made thereafter. Additionally, Mora received the sum of $5,886.03 as first-party benefits from Empire Mutual Insurance Company (Empire) and tentatively agreed to a settlement of the third-party action with defendants' insurer for the sum of $7,500. Under the Workers' Compensation Law the Fund has a lien on the net recovery, i.e., the recovery diminished by the expenses, including counsel fee, entailed in effecting the recovery, to the extent of workers' compensation benefits paid (Workers' Compensation Law, § 29, subd 1). In this case expenses of approximately $2,500 were incurred in obtaining the settlement. Accordingly, the lien amounted to approximately $5,000. Additionally, the Fund's consent was required to any settlement of the third-party action for a sum less than the lien of the Fund (Workers' Compensation Law, § 29, subd 5). In the endeavor to protect his interest in the prospective third-party recovery Mora moved for an order directing Empire as the no-fault insurer, to pay the sum of $13,928.37 to the Fund in order to satisfy the Fund's lien. He sought also to have the court dispense with the consent of the Fund to the settlement. Empire, which is not a party to the action for pain and suffering, was served with the motion papers by mail. Neither the Fund nor Empire, which is in rehabilitation, responded to the motion and it was granted on default. Thereafter Empire moved to vacate the default order. That motion was denied and this appeal is from that denial. Subdivision 1 of section 671 of the Insurance Law defines basic economic loss. It includes all necessary expenses incurred for medical and hospital treatment as well as loss of earnings. Subdivision 10 of that section includes within the definition of "covered person" any occupant of a motor vehicle the owner of which has in effect the financial security provided by law. Subdivision 1 of section 673

precludes recovery of basic economic loss by a covered person in an action against another covered person. Thus, any recovery by Mora in his action against defendants cannot include basic economic loss *(Matter of Granger v Urda,* 44 NY2d 91). However, the inability of Mora to recover his basic economic loss does not affect the inviolability of the Fund's lien for the payments made by it to or on behalf of Mora under the Workers' Compensation Law. As noted by the Court of Appeals in *Granger,* this inequitable result is posed by problems unforeseen by the Legislature when it enacted the no-fault law. The effect of failing to deal with it "results in converting the injured employee into a self-insurer for at least a portion of his basic economic loss [citation omitted]. Manifestly, corrective legislative action is advisable, if not imperative" *(Granger v Urda, supra,* p 99). Shortly after *Granger,* a partial remedy was effected by *Grello v Daszykowski* (44 NY2d 894). There the court held (pp 895-896) "that if the workmen's compensation carrier executes on the lien, the no-fault carrier must bear the loss because the amount recouped obviously cannot be offset as 'amounts recovered or recoverable * * * under * * * laws providing * * * workmen's compensation benefits' (Insurance Law, § 671, subd 2)". There, however, the no-fault insurer and the workers' compensation carrier were one and the same, thus obviating jurisdictional problems. Here, the carriers are different. To compound the problem the no-fault insurer is in rehabilitation and claims against it may be processed only with the consent and approval of the rehabilitation court. We are, therefore, led to the conclusion that the Fund's workers' compensation lien attaches to the proceeds of any settlement which Mora may effect in his third-party action for pain and suffering. Mora will then be entitled to proceed against Empire for first-party benefits to the extent that satisfaction of the Fund's lien depletes the amount of his settlement. Empire may make such payments voluntarily, as it did the initial payment of $5,886.03. If it fails or refuses to do so Mora may then take action against it, but only before the court which has jurisdiction of the rehabilitation proceedings. Concur—Murphy, P. J., Sullivan, Silverman, Bloom and Yesawich, JJ.