■ In the Matter of WILLIS RUTHERFORD, Appellant, v BROOKLYN UNION GAS Co., Respondent. — In a proceeding to confirm an arbitrator's award, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Sacks, J.), dated March 2, 1981, which denied the petitioner's application and granted the respondent's cross motion to vacate the award. Judgment reversed, on the law, with $50 costs and disbursements, application granted, and cross motion denied. On February 4, 1974, petitioner, an employee of respondent, the Brooklyn Union Gas Company, was injured during the course of his employment, while operating a motor vehicle owned by his employer. He received workers' compensation benefits from respondent's insurer, Utilities Mutual Insurance Co. He also received no-fault benefits from respondent, which acted as a self-insurer, under the no-fault law, article 18 of the Insurance Law. Pursuant to section 671 (subd 2, par [b]) of the Insurance Law, his no-fault recovery was reduced in the amount of the workers' compensation recovery. On or about April 18, 1977, after the workers' compensation and no-fault benefits had been paid, petitioner settled a third-party action against the other driver involved in the accident. Utilities Mutual, pursuant to section 29 of the Workers' Compensation Law, obtained a lien on the recovery in the

amount of the benefits it had paid out, less attorney's fees. On June 6, 1978, after all proceedings had been completed, the Court of Appeals rendered its decision in *Grello v Daszykowski* (44 NY2d 894). In *Grello (supra,* pp 895-896), the Court of Appeals held, in a situation similar to that encountered in the case at bar, that the claimant could obtain additional compensation from the no-fault carrier in the amount of the lien, since "the amount recouped obviously cannot be offset as 'amounts recovered or recoverable * * * under * * * laws providing * * * workmen's compensation benefits' (Insurance Law, § 671, subd 2)." Less than two months later, the Legislature amended section 29 so as to recognize, expressly, that persons injured in automobile accidents after February 1, 1974 and before July 1, 1978, whose recovery in third-party actions had been subject to section 29 liens, were entitled to reimbursement from their no-fault carriers in the amount of the lien (L 1978, ch 572, § 1; Workers' Compensation Law, § 29, subd 1). For persons injured on or after July 1, 1978, section 29 liens to recover workers' compensation benefits paid in lieu of no-fault benefits would not be permitted (L 1978, ch 572, § 2; Workers' Compensation Law, § 29, subd 1-a). In August, 1978 petitioner demanded reimbursement from respondent, as no-fault insurer, on the authority of *Grello v Daszykowski* (44 NY2d 894, *supra).* The matter proceeded to arbitration where the arbitrator, citing the amendment to section 29 (applicable to accidents, which, like the accident at bar, occurred after February 1, 1974 and prior to July 1, 1978) and an insurance regulation designed to implement the *Grello* decision, found in petitioner's favor. The award was vacated by Special Term, which concluded that *Grello* should not be applied retroactively. Special Term's memorandum made no reference to the applicable statute or regulation, or to the appropriate standards for review of an arbitrator's award. The judgment should be reversed and the award confirmed. The arbitrator justifiably concluded that, in view of the applicable statute (Workers' Compensation Law, § 29, subd 1, as amd) and regulation (11 NYCRR 65.6 [p] [5]), the petitioner was entitled to the additional benefits. Given the clear statutory authority for the award, the arbitrator was not obligated to consider whether, under common-law principles, *Grello* should be applied retroactively. Certainly, it cannot be said that the award was so irrational as to warrant vacatur (see *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442). Hopkins, J.P., Titone, Rabin and Bracken, JJ., concur.