■ ISAAC NAHMIAS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. — In an action to declare that plaintiff is entitled to receive no-fault benefits from the defendant, the appeal is from a judgment of the Supreme Court, Nassau County (Burstein, J.), entered May 13, 1982, which, upon granting plaintiff's motion for summary judgment, *inter alia,* declared that plaintiff was entitled to receive "first-party no-fault personal injury protection benefits". Judgment affirmed, with $50 costs and disbursements. The controversy between the parties was submitted to Special Term on agreed facts for a determination on the law. On April 23, 1976, defendant's insured brought his station wagon to plaintiff's employer, Biener Pontiac, Inc., "for servicing and/or repairs". That afternoon, while plaintiff was a "pedestrian" on the employer's lot, he was struck by the vehicle as it was being moved by a fellow employee. Plaintiff's claim for lost wages was honored until March 21, 1978. On April 27, 1981, defendant served a denial of claim upon plaintiff, based on the ground that plaintiff's loss did not arise out of the use or occupation of the insured vehicle. The denial of claim was predicated upon a policy provision, in accordance with 11 NYCRR 65.2, which excludes from no-fault coverage accidents arising out of "repairing, servicing, or otherwise maintaining motor vehicles, unless the conduct occurs off the business premises." Where "the policy covers the driver and the vehicle and the accident would be covered except for [a] specific policy exclusion * * * the carrier must deny coverage on the basis of the exclusion if it is not to mislead the insured and the injured person to their detriment" (*Zappone v Home Ins. Co.,* 55 NY2d 131, 136). On the facts set forth in this record, the defendant was required to give notice of its denial of coverage in conformity with subdivision 8 of section 167 of the Insurance Law, which requires an insurer to "give written notice as soon as is reasonably possible of [a] disclaimer of liability or denial of coverage" in order to effectively disclaim liability or deny coverage for death or bodily injury under an automobile liability insurance policy (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). The defendant does not contend that its denial of coverage was timely as a matter of law. Also, the action was timely commenced under the applicable six-year Statute of Limitations (CPLR 213; see *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 193). Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.

■ OCEAN-CLEAR, INC., et al., Appellants, v CONTINENTAL CASUALTY COMPANY, Defendant, and NORTH RIVER INSURANCE COMPANY, Respondent. — In an action to recover on contracts of fire insurance, the appeal is from an order of the Supreme Court, Nassau County (Christ, J.), dated February 18, 1982, which granted the respondent's motion, made pursuant to CPLR 3024 (subd [b]), to strike paragraph 18 of the complaint as prejudicial. Appeal dismissed, with $50 costs and disbursements. The order under review is not appealable as of right (CPLR 5701, subd [b], par 3). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.