■ HANOVER INSURANCE COMPANY et al., Respondents, v ROLF FLEISHER, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated November 12, 1981, which granted the application. Judgment reversed, on the law, with costs, application denied and the parties are directed to proceed to arbitration forthwith. Appellant was injured on August 8, 1975 in the collapse of a building at a Westchester County construction site while unloading trusses from a flatbed trailer owned by National Lumber, Inc., and insured for no-fault automobile liability under article 18 of the Insurance Law by the petitioning insurance carriers. Appellant was awarded damages for his personal injuries in a tort action against the general contractor after a March, 1981 trial. After entry of judgment in August, 1981, he satisfied a lien of $3,291.21 asserted by his employer's workers' compensation carrier for workers' compensation benefits that it had previously paid to appellant. The workers' compensation carrier is not one of the petitioning no-fault insurance carriers. By letter dated June 12, 1981, appellant gave notice to his employer of his claim for reimbursement under the no-fault law of his loss to be suffered in satisfying the workers' compensation lien. Appellant's attorney, in his affirmation opposing the application to stay arbitration, stated that the

existence of the employer's no-fault coverage was then disclosed for the first time by way of the no-fault carriers' June 26, 1981 letter in response to appellant's letter to his employer. On August 6, 1981, the no-fault carriers received appellant's demand for arbitration authorized under the policy provision mandated by subdivision 2 of section 675 of the Insurance Law. The no-fault carriers then brought this application by order to show cause dated August 23, 1981 in order to stay permanently any arbitration of the reimbursement claim. The basis for the no-fault carriers' opposition to appellant's claim was: first, that appellant had failed to give them "as soon as reasonably practicable", written notice of the details of his 1975 accident, as required by the regulations promulgated under the no-fault law (11 NYCRR 65.2); second, that under the no-fault law, appellant rather than the no-fault carriers bore the loss created by enforcement of the workers' compensation lien against appellant's tort recovery; third, that appellant's injuries did not arise out of the use or operation of a motor vehicle; and, fourth, that appellant's claim was barred because of the three-year limitation on personal injury actions of CPLR 214 (subd 5). Only the first and last points are pressed on appeal. Special Term ruled that the arbitration of appellant's claim must be stayed because it was barred by the expiration of the three-year limitation period governing appellant's personal injury cause of action. The court reasoned that a contrary result would prejudice the no-fault carriers by permitting appellant to demand payment from them under his employer's no-fault policies after the expiration of the personal injury limitation period, at a time when the no-fault carriers' action over against the tort-feasor as appellant's subrogee would be time barred. Special Term erred. Given the assertion of a workers' compensation lien on appellant's tort recovery, the issue is not the subrogation rights of the no-fault insurers but the indemnification right of appellant to reimbursement from them upon suffering a loss in satisfying the workers' compensation lien. The no-fault carriers have, in fact, no subrogation rights at this point. They are not called upon to indemnify appellant for his basic economic loss under the first-party benefits provision of subdivision 1 of section 675 of the Insurance Law on account of his direct loss from the accident. Rather, they must indemnify him against the loss incurred in August, 1981 when his tort recovery, which had already been reduced to exclude all no-fault first-party benefits (including workers' compensation under Insurance Law, § 671, subd 2, par [b]), was further reduced by the amount of $3,291.21 in order to satisfy the lien of the workers' compensation carrier (see *Grello v Daszykowski,* 44 NY2d 894; *Matter of Rutherford v Brooklyn Union Gas Co.,* 83 AD2d 961; *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858, 859; *Mora v Ortiz,* 75 AD2d 563; *Ortiz v Queens Tr. Corp.,* 70 AD2d 334; L 1978, ch 572, § 1). Appellant's claim against the no-fault insurers is based on a policy of insurance under which he is a recognized third-party beneficiary; therefore, the proper limitation period for his cause of action is that applicable for contract actions, i.e., six years (see *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 193; *Nahmias v Merchants Mut. Ins. Co.,* 91 AD2d 680; *Micha v Merchants Mut. Ins. Co.,* 94 AD2d 835; cf. *Matter of De Luca [MVAIC],* 17 NY2d 76). Having resolved the limitation period issue against the petitioning no-fault insurance carriers, we need proceed no further. Although specifically reserved for judicial decision by CPLR 7503 (subd [b]), the issue of appellant's obligation to give written notice of the accident within a reasonable time is a matter for the arbitrator because it relates not to the existence of an agreement to arbitrate but rather to the coverage of the no-fault insurance policies (see *Matter of Nassau Ins. Co. v McMorris,* 41 NY2d 701, 703; *Matter of Nassau Ins. Co. v Ebin,* 81 Misc 2d 168, adhered to upon reconsideration, 82 Misc 2d 513; see, also, *Matter of Aetna Cas. & Sur. Co.,* 45 NY2d 871, revg 58 AD2d 551 on dissenting mem of Justice

Silverman at pp 553-554). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.