467 So.2d 324 (1985)
SOUTH CAROLINA INSURANCE COMPANY, Appellant,
v.
Ralph ARNOLD, Appellee.
No. 84-1167.
District Court of Appeal of Florida, Second District.
February 13, 1985.
Rehearing Denied April 22, 1985.
*325 Gary W. Nicholson of Carson, Guemmer & Nicholson, Tampa, for appellant.
Jefferson de R. Capps, St. Petersburg, for appellee.
GRIMES, Judge.
This case involves the question of whether an injured party's claim for personal injury protection (PIP) benefits must be reduced to the extent of workers' compensation benefits received when the workers' compensation subrogation lien has been satisfied from the proceeds of a settlement with the third party tortfeasor.
Appellee was injured in an accident on March 19, 1980, while working for Greyhound Lines, Inc. Greyhound, as a self-insured employer, paid workers' compensation wage benefits and medical expenses to and on behalf of appellee in the sum of $6,209. Appellee settled his third party claim with the offending driver and her insurer and settled the workers' compensation lien of Greyhound for $5,000.
Appellee then sued appellant for recovery of PIP benefits arising from the accident. The court dismissed the complaint on the premise that appellee's accident was not within the scope of PIP coverage. This court reversed. Arnold v. South Carolina Insurance Co., 425 So.2d 1164 (Fla. 2d DCA 1983). On remand, the trial court was presented with the issue of whether to offset appellee's workers' compensation benefits against payments due under his PIP claim. The court declined to do so and entered a $6,209 judgment for appellee together with prejudgment interest of $2,229.77.
The statutory provisions pertinent to this appeal are as follows:
(3) INSURED'S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.  No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of s. 627.737, or his legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable... .
(4) BENEFITS; WHEN DUE.  Benefits due from an insurer under ss. 627.730-627.741 shall be primary, except that benefits received under any workers' compensation law or Medicaid as provided under 42 U.S.C. s. 1396 et seq. shall be credited against the benefits provided by subsection (1) and shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.741.
Appellant argues that under the literal wording of subsection (4), it is entitled to credit for workers' compensation benefits received by appellee. Appellee responds that the benefits were never really received because Greyhound was repaid from the proceeds of appellee's settlement with the third party tortfeasor. The case is one of first impression and arises because the statute does not precisely address this factual situation. However, we are persuaded that the court reached the correct result.
Had appellee not been covered by workers' compensation, there would be no question of his right to PIP benefits. The *326 purpose of subsection (4) in requiring workers' compensation payments to be offset against PIP benefits is to preclude a duplication of recovery. Here, however, there is no duplication of recovery because the workers' compensation benefits have been repaid from appellee's third party settlement. We need not be concerned with the anomaly that under subsection (3) the appellee had no right to recover from the third party any damages for which PIP benefits were payable, to wit: medical and disability benefits, while Greyhound could obtain full reimbursement for the payment of medical and disability benefits out of appellee's recovery under section 440.39, Florida Statutes (1979). The fact remains that since Greyhound's subrogation lien has been satisfied from appellee's funds, appellee is in the same posture that he would have been if the workers' compensation payments had never been made. Appellee should not be penalized simply because he was hurt on the job.
Our holding is consistent with New York case law on the same subject. Grello v. Daszykowski, 44 N.Y.2d 894, 379 N.E.2d 161, 407 N.Y.S.2d 633 (1978); Mora v. Ortiz, 75 A.D.2d 563, 427 N.Y.S.2d 415 (1980). The difference between the workers' compensation benefits of $6,209 and the $5,000 subrogation reimbursement represented Greyhound's pro rata share of attorney's fees and costs under section 440.39, which should not be charged against appellee.
As a secondary position, appellant argues that even if the workers' compensation payments are disregarded, the court miscalculated the amount due under the PIP coverage. Appellee concedes this point and agrees that the total authorized PIP benefits are $5,373.12. Appellant is also correct in its assertion that prejudgment interest should have been assessed at ten percent rather than the twelve percent. § 627.736(4)(c), Fla. Stat. (1979).
We amend the judgment to reflect a recovery of $5,373.12 in PIP benefits and prejudgment interest of $1,862.70. As amended, the judgment is affirmed.
RYDER, C.J., and SCHOONOVER, J., concur.