571 So.2d 546 (1990)
FORTUNE INSURANCE COMPANY, Appellant,
v.
Sharon McGHEE, Appellee.
Case No. 90-00278.
District Court of Appeal of Florida, Second District.
December 14, 1990.
*547 Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for appellant.
Bruce L. Scheiner, Fort Myers, and Diane H. Tutt, Fort Lauderdale, for appellee.
PER CURIAM.
Fortune Insurance Company (Fortune) appeals a final judgment which awarded full personal injury protection (PIP) benefits to Sharon McGhee after McGhee satisfied a workers' compensation lien from money received in a settlement with the third-party tortfeasor. We reverse the judgment, finding that under the facts of this case, McGhee would be overcompensated if the judgment would be allowed to stand.
McGhee suffered an injury when her car was rear-ended. Her injury was compensable under workers' compensation, and the compensation carrier paid over $6,000 in benefits to her. She subsequently settled her personal injury claim against the tortfeasor for the tortfeasor's $15,000 liability limits. McGhee then paid the compensation carrier $2,000 for a full release of the compensation lien.
McGhee filed an action against Fortune seeking PIP benefits. Her PIP policy with Fortune was a $10,000 policy with a $2,000 deductible. After a nonjury trial, the trial court awarded McGhee the full amount of the workers' compensation payments, less the $2,000 deductible, and entered a final judgment in the amount of $4,054.21 exclusive of costs and attorneys' fees.
Section 627.736, Florida Statutes (1985) requires that all insurance policies for vehicles registered in Florida must provide PIP benefits covering economic losses, including medical and disability (or lost income) benefits. Although section 627.736(4) provides that PIP benefits shall be "primary," it also states "that benefits received under any workers' compensation law ... shall be credited against the [PIP] benefits provided... ." Thus, when benefits are received in the period shortly after the automobile accident, the PIP statute contemplates credit for the workers' compensation benefits already received by McGhee. When the liability claim is settled, however, the plaintiff is obligated to reimburse the workers' compensation carrier. At that point, the plaintiff is entitled to receive additional benefits from the PIP carrier because the credit for workers' compensation no longer exists.[1]
*548 McGhee relies on the opinion in South Carolina Insurance Company v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985) to support her position that she is entitled to full PIP benefits without an offset for workers' compensation benefits received because she satisfied the compensation lien. The injured plaintiff in Arnold settled a $6,209 compensation lien for $5,000. The court permitted the plaintiff to recover the entire $6,209 from the PIP carrier, reasoning that there would be no duplication of recovery because the plaintiff repaid the compensation benefits from the funds received in a third-party settlement. The court found that there was a reimbursement of all the compensation benefits paid, noting that the difference between the $6,209 and the $5,000 subrogation reimbursement represented the compensation carrier's pro rata share of attorney's fees and costs under section 440.39, Florida Statutes (1979), which should not be charged against the plaintiff.
Fortune argues that the rationale of Arnold cannot be applied to justify the recovery of full PIP benefits to McGhee because McGhee repaid only $2,000 in full satisfaction of the $6,000 compensation payment. Fortune contends that even if an amount for attorney's fees and costs is considered, McGhee will be overcompensated if she is allowed to receive full PIP benefits.
We find support for Fortune's position in Mora v. Ortiz, 75 A.D.2d 563, 427 N.Y.S.2d 415 (1980), a case upon which the Arnold court relied. In a factually similar situation the Mora court held that the plaintiff would be entitled to PIP benefits to the extent that the satisfaction of the compensation lien depleted the amount of the third-party settlement. Applying the Mora holding to the facts of the instant case, McGhee would be entitled to recover PIP benefits in the amount of $2,000 plus the amount of attorney's fees and costs permitted by section 440.39(3)(a), Florida Statutes (1985).
Fortune posits that the PIP benefits must be reduced further by the $2,000 deductible. Because McGhee settled the workers' compensation lien for $2,000, Fortune maintains that it should owe little or nothing to McGhee. Fortune essentially maintains that McGhee must expend $2,000 of her own money, rather than the funds of another collateral source, before the PIP deductible is satisfied.
We have been unable to find any case in Florida which discusses at what point the deductible should be applied in a situation where a person is entitled to both PIP benefits and workers' compensation benefits. We, therefore, look to the legislative purpose behind section 627.739. The third district court found that "the overriding purpose of the statute is to assure complete insurance coverage for injuries." Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28, 30 (Fla. 3d DCA 1981), approved, 447 So.2d 1337 (Fla. 1983). The Kwechin court found that the legislature accomplished that purpose by permitting an insured to elect a deductible if the insured is covered by other insurance which will pay for the loss.[2] We hold that a PIP deductible can be exhausted by payments from other sources, including workers' compensation coverage, and need not be exhausted by payments from the claimant's personal funds. In this case, the workers' compensation carrier paid approximately $4,000 in benefits for which it received no reimbursement. This payment more than exhausts the PIP deductible. The $2,000 which McGhee paid to satisfy the workers' compensation lien is effectively the last $2,000 of the benefits which Fortune would have paid in the absence of workers' compensation *549 coverage.[3] Thus, the PIP deductible has already been satisfied in this case and must not be applied to the PIP benefits ultimately due, i.e., the $2,000 plus the amount of attorney's fees and costs, because to do so would not provide complete insurance coverage to McGhee.
Accordingly, we reverse the final judgment. We remand the cause for proceedings wherein the trial court shall establish the compensation carrier's pro rata share of attorney's fees and costs pursuant to section 440.39. The trial court then shall enter a judgment against Fortune for an amount which includes $2,000 plus the carrier's pro rata share of fees and costs.
Reversed and remanded.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Section 627.736(4), Florida Statutes (1985), effectively makes both PIP and workers' compensation primary coverage for a work-related automobile accident. It is unusual for two insurance companies to provide primary coverage without a system to determine permanently their respective priorities through "other insurance" clauses or similar procedures. The problems demonstrated by this case and similar cases suggest that the legislature might well reconsider the advisability of making both PIP and workers' compensation primary coverage in these cases. Although the primary responsibility for claims handling may rest logically with the workers' compensation carrier, it would be simpler if the primary responsibility for the payment of benefits rested with the PIP carrier to the extent of that coverage. That method would eliminate the need for subsequent reimbursements.
[2] We have not overlooked the fact that section 627.739 has been amended after the Kwechin decision. We, however, believe that the amendment to the statute has not altered the legislative purpose of the statute.
[3] But for the fortuity of the workers' compensation coverage, the PIP coverage would have provided approximately $3,000 in benefits for that portion of the covered claim which exceeded its $2,000 deductible.