LEHAN, Judge.
Defendant Atlanta Casualty Company, the PIP insurer for plaintiff Marybeth Yadevia who was injured in an automobile accident by a third party tortfeasor, appeals from the summary judgment determining that Yadevia is entitled to PIP benefits for medical expenses notwithstanding the payment of those expenses by Yade-via’s employer’s worker’s compensation carrier.
On the authority of Fortune Ins. Co. v. McGhee, 571 So.2d 546 (Fla. 2d DCA 1990), we reverse. Under the circumstances of this case which are similar to those in McGhee, plaintiff is entitled to PIP benefits only to the extent that her “satisfaction of the [worker’s] compensation lien [on the proceeds of plaintiff's settlement with the tortfeasor] depleted the amount of ... [her] ... settlement” with the tort-feasor, i.e., to the extent plaintiff paid the worker’s compensation carrier for the satisfaction of the worker’s compensation lien, “plus the amount of attorney’s fees and costs permitted by section 440.39(3)(a), Florida Statutes [1985].” Id. at 548. In other words, plaintiff is entitled to those benefits only to the extent that she would not thereby receive double payment from both worker’s compensation and PIP. See also South Carolina Ins. Co. v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985).
Since in this case the PIP insurer had already paid plaintiff the amount for which plaintiff settled the worker’s compensation lien and no claim for the foregoing attorney’s fees and costs was made below, plaintiff was entitled to no further recovery from that insurer in this suit.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, C.J., and DANAHY, J., concur.