PER CURIAM.
This is another personal injury case involving multiple coverages of plaintiff by his employer’s worker’s compensation insurance, his own PIP insurance, and the tortfeasor’s liability insurance. Plaintiff appeals from the judgment in his suit for a declaration of what he should recover from his PIP carrier.
As we said in Atlanta Casualty Co. v. Yadevia, 579 So.2d 213, 214 (Fla. 2d DCA 1991),
On the authority of Fortune Ins. Co. v. McGhee, 571 So.2d 546 (Fla. 2d DCA 1990), we reverse. Under the circumstances of this case which are similar to those in McGhee, plaintiff is entitled to PIP benefits only to the extent that her “satisfaction of the [worker’s] compensation lien [on the proceeds of plaintiff’s settlement with the tortfeasor] depleted the amount of ... [her] ... settlement” with the tortfeasor, i.e., to the extent plaintiff paid the worker’s compensation carrier for the satisfaction of the worker’s compensation lien, “plus the amount of attorney’s fees and costs permitted by section 440.39(3)(a), Florida Statutes [1985].” Id. at 548.
In this case the trial court erroneously declined to find that plaintiff was entitled to recover from his PIP carrier the above-referenced “amount of attorney’s fees and costs permitted by section 440.39(3)(a).”
Reversed and remanded for proceedings consistent herewith.
LEHAN, C.J., and RYDER and PATTERSON, JJ., concur.