NORTHCUTT, Judge.
The county court granted summary judgment in favor of Progressive Express Insurance Co. in Frank Cannino’s suit to obtain payment of no-fault insurance benefits. We have accepted this appeal based on the county court’s certification that its judgment is of great public importance. See Fla. R. App. P. 9.030(b)(4)(A). The issue identified by the court concerns the interplay between a workers’ compensa *276 tion lien on the injured insured’s recovery from a third-party tortfeasor and the insured’s right to recover no-fault insurance benefits for the same injury. We conclude that the court incorrectly resolved the issue, and we reverse.
In 2004, Cannino was injured in an automobile accident while in the course of his employment by West Coast Fence of Tampa. He received workers’ compensation benefits from West Coast Fence’s carrier, Pinnacle Benefits, Inc. Cannino had a personal motor vehicle insurance policy issued by Progressive, but he did not seek immediate payment of his personal injury protection (PIP) benefits under that policy.
Cannino reached a policy limits settlement with the third-party tortfeasor for $100,000. Thereafter he entered into a final settlement with the workers’ compensation carrier. Under the settlement, Cannino resigned from West Coast Fence and released his employer and Pinnacle from any and all claims related to workers’ compensation benefits or otherwise; the release specifically provided that Cannino would be responsible for his future medical care and treatment. In exchange, Pinnacle paid Cannino $20,000 and waived its statutory lien on Cannino’s recovery from the third-party tortfeasor. The settlement further recited that Pinnacle had paid $39,212 in indemnity and medical benefits to date; that the full value of Cannino’s personal injury claim was estimated to be $200,000; and that Cannino’s net recovery in his settlement with the tortfeasor was approximately $66,428, such that Pinnacle’s lien would have been $12,940 for past benefits paid and a twenty-seven percent offset for future benefits up to an amount equal to Cannino’s net recovery. Pinnacle acknowledged in the settlement agreement that Cannino “has the right to reimbursement of the workers’ comp lien from his PIP insurer and nothing herein is intended to, or does, operate to release, discharge or otherwise satisfy [Cannino’s] rights, claims and actions relative to his PIP benefits.”
Cannino sought payment of his PIP benefits from Progressive, and he filed suit in county court when they were not forthcoming. Progressive maintained that payment was not due because it was entitled to a credit for the workers’ compensation benefits and Cannino never eliminated the credit by paying out-of-pocket to satisfy the workers’ compensation lien. Progressive argued that a contrary holding would give Cannino an impermissible windfall. The county court agreed with Progressive and granted it a summary judgment.
The Florida Motor Vehicle No-Fault Law, sections 627.730-.7405, Florida Statutes (2004), requires motorists to maintain a minimum of $10,000 in insurance for PIP benefits to cover loss sustained as a result of bodily injury, sickness, or death related to motor vehicles. § 627.736(1). The insurance generally covers eighty percent of medical and related expenses and sixty percent of wage loss. Id. An injured party has no right to recover tort damages for PIP benefits that are paid or payable, and a PIP insurer is not entitled to a lien on the injured party’s tort recovery. § 627.736(3). PIP benefits are primary, except that workers’ compensation benefits “shall be credited against” PIP benefits. § 627.736(4).
The Workers’ Compensation Law, chapter 440, Florida Statutes (2004), requires employers to maintain coverage for employees who suffer accidental, compensable injuries or death arising out of work performed in the course and scope of them employment. § 440.09. Like PIP insurance, workers’ compensation insurance covers medical bills and wage loss, albeit at different levels, §§ 440.12, .13, and it includes disability compensation, § 440.15. *277 Unlike the PIP statute, however, the workers’ compensation law establishes a lien upon any judgment or settlement recovered by the injured employee from a third-party tortfeasor to the extent of workers’ compensation benefits paid. § 440.39(3)(a). The lien is reduced pro rata if the employee demonstrates that the net recovery from the third-party is less than the full value of the employee’s damages. Id.
As mentioned, workers’ compensation benefits are credited against PIP benefits. § 627.736(4). The purpose of the statutory credit is to preclude a duplication of recovery. See S.C. Ins. Co. v. Arnold, 467 So.2d 324, 325 (Fla. 2d DCA 1985); cf. Pate v. Renfroe, 715 So.2d 1094, 1099 (Fla. 1st DCA 1998) (“The purpose of a set-off is to avoid duplication of benefits.”). But when the injured employee has recovered from a third-party tortfeasor, the employee “is obligated to reimburse the workers’ compensation carrier. At that point, the plaintiff is entitled to receive additional benefits from the PIP carrier because the credit for workers’ compensation no longer exists.” Fortune Ins. Co. v. McGhee, 571 So.2d 546, 547 (Fla. 2d DCA 1990).
Thus, when Cannino recovered from the third-party tortfeasor, he became obligated to reimburse the workers’ compensation carrier for the benefits it had paid. At that point, he was entitled to PIP benefits because he was obliged to pay for that which the PIP carrier would have been responsible under the insurance contract. In other words, vis-á-vis his entitlement to PIP benefits, Cannino was in the same position he would have occupied if he had never received the workers’ compensation benefits. See Arnold, 467 So.2d at 325. We reject Progressive’s assertion that Cannino was required to directly satisfy the workers’ compensation lien by paying out-of-pocket in order to claim his PIP benefits. This would improperly place form over substance. Cannino effectively did pay from his pocket by giving consideration, i.e., giving up his right to seek future workers’ compensation benefits in exchange for a negotiated cash payment and the waiver of the lien, when settling with the workers’ compensation carrier.
Reversed and remanded.
VILLANTI and MORRIS, JJ„ Concur.