599 So.2d 739 (1992)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Pelayo MAZORRA, Respondent.
No. 92-651.
District Court of Appeal of Florida, Third District.
June 2, 1992.
Dean A. Mitchell, Miami, for petitioner.
Deutsch & Blumberg, James C. Blecke, Miami, for respondent.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The county court denied Mazorra p.i.p. benefits because the covered expenses had been paid through workers' compensation, even though the comp. carrier had, in effect, been reimbursed by the claimant through the settlement and satisfaction of its lien on his recovery in a third-party case. On appeal, the circuit court reversed on the authority of South Carolina Ins. Co. v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985), which, squarely to the contrary of the county court, awarded p.i.p. under identical circumstances. The p.i.p. carrier now seeks certiorari review of that reversal. Since it is undisputed that Arnold involved the identical legal question and that the second district is the only Florida court of appeal to have determined the issue, accord Atlanta Casualty Co. v. Yadevia, 579 So.2d 213 (Fla. 2d DCA 1991), review denied, 591 So.2d 185 (Fla. 1991); Fortune Ins. Co. v. McGhee, 571 So.2d 546 (Fla. 2d DCA 1990), the circuit court had no choice but to follow Arnold. Pardo v. State, 596 So.2d 665 *740 (Fla. 1992). It therefore could not have departed from the "essential requirements of the law" in doing so. Hence, certiorari might well be denied on this ground alone. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
In any case, however, this court is of course free to consider the issue as an original question. Pardo, 596 So.2d at 665. On the merits, we completely agree with Arnold and therefore make it a part of the law of this district. See Comeau v. Safeco Ins. Co., 356 So.2d 790 (Fla. 1978); Longman v. Travelers Ins. Co., 371 So.2d 533 (Fla. 3d DCA 1979).
Certiorari denied.