WETHERELL, J.
State Farm Mutual Automobile Insurance Company (State Farm) seeks review of the trial court’s denial of its motion for summary judgment and grant of Melinda Pressley’s motion for summary judgment on her complaint for Personal Injury Protection (PIP) and Medical Payments Coverage (MPC) benefits. For the reasons discussed below, we reverse.
Ms. Pressley allegedly sustained personal injuries in a motor vehicle accident on May 6, 2004. However, she did not present herself for medical treatment until more than seven months later, on December 28, 2004. Her health insurance carrier, Aetna, paid for her medical care and treatment. Ms. Pressley sued the other driver for damages, and the case was settled for an amount not reflected in the record on appeal. Aetna thereafter asserted a lien of $21,410 on the settlement proceeds to recover payments it made for Ms. Pressley’s medical expenses.
Three years after the accident, on May 18, 2007, Ms. Pressley filed a complaint against State Farm under section 627.736, Florida Statutes (2003), for allegedly overdue and unpaid PIP and MPC benefits. In essence, she sought reimbursement from State Farm for the health insurance lien asserted by Aetna. State Farm de *107 nied the claim for benefits, contending that the medical expenses incurred by Ms. Pressley were not related to the motor vehicle accident.
State Farm moved for summary judgment, arguing that none of the medical bills claimed to be at issue were submitted to it by the medical providers in accordance with section 627.736(5)(c)l or on the proper forms as required by section 627.736(5)(d). Ms. Pressley countered that it was impractical to subject insureds to the requirements of these statutes, and she relied on South Carolina Insurance Co. v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985), and Allstate Insurance Co. v. Mazorra, 599 So.2d 739 (Fla. 3d DCA 1992), to support her argument that reimbursement of the health insurance lien was permissible under the PIP statute.
The trial court agreed with Ms. Pressley that sections 627.736(5)(c)1 and 627.736(5)(d) applied to medical providers only, and the court declined to extend the requirements of those sections to insureds such as Ms. Pressley. Therefore, the trial court denied State Farm’s motion for summary judgment. The trial court subsequently granted Ms. Pressley’s motion for summary judgment, finding that there was no record evidence to refute her affidavit and deposition testimony that the medical treatment giving rise to the Aetna lien was reasonable, necessary and related to her May 2004 motor vehicle accident.[1]
We review the trial court’s ruling on the motions for summary judgment de novo. Volusia County v. Aberdeen of Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.
We conclude that the trial court erred in denying State Farm’s motion for summary judgment. State Farm was entitled to summary judgment as a matter of law because it owed no PIP benefits to Ms. Pressley due to her and her medical providers’ failure to comply with sections 627.736(5)(c)1 and 627.736(5)(d).
By statute, PIP benefits are the primary compensation of reasonable and necessary medical expenses for a motor vehicle accident. § 627.736(4), Fla. Stat. The PIP statute outlines the procedure for securing payment of medical expenses from a motor vehicle accident. Section 627.736(5)(c)1 provides, in pertinent part, that:
With respect to any treatment or service, other than medical services billed by a hospital or other provider for emergency services as defined in s. 395.002 or inpatient services rendered at a hospital-owned facility, the statement of charges must be furnished to the insurer by the provider and may not include, and the insurer is not required to pay, charges for treatment or services rendered more than 35 days before the postmark date of the statement.
(emphasis added). Additionally, section 627.736(5)(d) requires that “all statements and bills for medical services rendered by any physician, hospital, clinic, or other per *108 son or institution shall be submitted to the insurer on a properly completed [form].”
Generally, the provisions of the Florida No-Fault Act are construed liberally in favor of the insured. Farmer v. Protective Casualty Ins. Co., 530 So.2d 356 (Fla. 2d DCA 1988). “Legislative intent, as always, is the polestar that guides a court’s inquiry under the Florida No-Fault Law.” United Auto. Ins. Co. v. Rodriguez, 808 So.2d 82, 85 (Fla.2001). The Legislature’s intent must be determined primarily from the statutory language. Rollins v. Pizzarelli, 761 So.2d 294, 297 (Fla.2000). If the statutory language is clear and unambiguous, the statute must be given its plain and obvious meaning. Id.
The language of section 627.736(5)(c)1 is clear and unambiguous and, therefore, should be accorded its plain meaning. In this section, the Legislature set forth the exclusive procedures for payment of PIP benefits from the no-fault insurer under a PIP policy. See Warren v. State Farm Mut. Auto. Ins. Co., 899 So.2d 1090, 1096 (Fla.2005) (stating that because the PIP statute provides for a statutorily mandated form of insurance, the Legislature can enact specific procedures to carry out its legislative scheme). Pursuant to section 627.736(5)(c)1, the statement of charges for medical treatments and services “must be furnished to the insurer by the provider,” and the PIP insurer is only obligated to pay those bills submitted by the provider within the statutory time period. Id. The statute does not make any provision for the submission of medical bills by an insured or other third party. See Federated National Ins. Co. v. Physicians Charter Servs., 788 So.2d 403, 404 (Fla. 3d DCA 2001), rev. denied, 807 So.2d 654 (Fla.2002).
The clear intent of this statutory provision was to impose time limits on the submission of medical bills. See Warren, 899 So.2d at 1094-95 (interpreting section 627.736(5)(b), Florida Statutes (1999), which is now codified in substantially the same form in section 627.736(5)(c)). The statute contemplates recovery of payment by medical providers directly from the PIP insurer which in turn guarantees injured parties quick payment of medical bills. See Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974); see also § 627.736(4)(b), Fla. Stat. (requiring payment of all PIP claims to be paid within 30 days of the claim or the insurer will be liable in a suit to recover benefits).
Ms. Pressley cannot circumvent the payment procedures outlined in section 627.736(5)(c)1 after her health insurer places a lien on her settlement proceeds by seeking reimbursement from her PIP insurer three years after the motor vehicle accident. Allowing her to do so would render the statutory time limitations in the statute useless. See State v. Goode, 830 So.2d 817, 824 (Fla.2002) (stating that “a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless”). Ms. Pressley’s inability to recover the PIP benefits under her policy could have been avoided by her promptly notifying State Farm of the accident as required by the policy, see § 627.736(4)(a), Fla. Stat., and by her notifying her medical providers that her injuries were the result of a motor vehicle accident so that the medical providers would have been able to file a timely claim for payment with State Farm. See Warren, 899 So.2d at 1096-97.
Our interpretation of section 627.736(5)(c)1 is not inconsistent with cases from our sister courts involving this statute. Both the Second and Third District Courts of Appeal have held that an entity *109 other than a medical provider may recover PIP benefits for services provided by a provider, but only pursuant to a valid assignment of benefits. See Gables Ins. Recovery, Inc. v. Seminole Cas. Ins. Co., 10 So.3d 1106 (Fla. 3d DCA 2009) (distinguishing Federated National Ins. Co., supra); Prof'l Consulting Servs., Inc. v. Hartford Life and Accident Ins. Co., 849 So.2d 446 (Fla. 2d DCA 2003).[2] Unlike those cases, in which the party seeking payment of PIP benefits was acting on behalf of the medical provider under an authorized assignment of benefits, there is no evidence in this case of any assignment of PIP benefits.
Because Ms. Pressley’s medical providers did not submit statements and bills to State Farm in compliance with section 627.736(5)(c)1, no PIP (or MPC[3]) benefits are overdue. As such, Ms. Pressley does not have a cause of action under the PIP statute against State Farm for reimbursement of her health insurance lien.
There is nothing in the record to suggest that Ms. Pressley was left out of pocket for her medical expenses. She submitted the medical bills to her health insurance company which apparently paid the bills. Only when she settled with the tortfeasor did the health insurance company seek reimbursement for the medical expenses and Ms. Pressley, in turn, sought PIP benefits to cover that reimbursement. Permitting Ms. Pressley to recover PIP benefits to cover the lien could result in a windfall to Ms. Pressley depending upon how the PIP proceeds were factored into the negotiated settlement with the other driver. Cf. § 627.736(3), Fla. Stat. (stating that an injured party has no right to recover damages for which PIP benefits are paid or payable and precluding an insurer from asserting a lien on any recovery for PIP benefits).
Ms. Pressley improperly relies on two cases from other districts for support of her argument that she was entitled to reimbursement of her health insurance lien. In South Carolina Insurance Co. v. Arnold, 467 So.2d 324 (Fla. 2d DCA 1985), the Second District Court of Appeal held that the insured was entitled to PIP benefits where a workers’ compensation lien had been repaid with the insured’s third-party settlement with the tortfeasor. The court stated that there was no duplication of recovery because the insured would unquestionably be entitled to PIP benefits had he not been covered by workers’ compensation. Id. at 326.
The Third District Court of Appeal followed Arnold in Allstate Insurance Co. v. *110 Mazorra, 599 So.2d 739 (Fla. 3d DCA 1992). In Mazorra, the insured had been denied PIP benefits because the covered expenses had been paid by the workers’ compensation carrier. The carrier was, in turn, reimbursed by the insured through a settlement with the tortfeasor. Agreeing with the reasoning in Arnold, the court held that the insured was entitled to PIP benefits.
In both of these cases, the courts held that the insured was entitled to reimbursement from the PIP insurance company for medical expenses that had been already covered by another form of insurance, ie., workers’ compensation. However, these cases were decided prior to the procedures for submission of medical charges contained in section 627.736(5)(c)1 being added to the statute in 1998. See Ch. 98-270, § 2, at 2309, Laws of Fla. The cases also involved the application of a workers’ compensation lien, and under section 627.736(4), benefits received under workers’ compensation are specifically credited against PIP benefits. Workers’ compensation benefits are also a primary compensation for work-related motor vehicle accidents. See § 440.10(1)(a), Fla. Stat. Accordingly, Arnold and Mazorra are distinguishable.
Finally, the trial court also erred in denying State Farm’s motion for summary judgment because Ms. Pressley did not refute State Farm’s assertion that the bills for medical services were not submitted on the proper forms. Section 627.736(5)(d) specifically provides that “all statements and bills for medical services” be provided on the required forms. As there was no genuine issue of fact and section 627.736(5)(d) unequivocally requires submission of bills on proper forms, State Farm was also entitled to judgment on this issue as a matter of law.
Accordingly, we reverse and remand for the circuit court to enter summary judgment for State Farm.
REVERSED and REMANDED with directions.
LEWIS, J., concurs; KAHN, J., dissents with opinion.

. We find no error in the trial court's ruling that the unsworn medical record review report attached to a records custodian affidavit presented by State Farm in opposition to Ms. Pressley’s motion for summary judgment was hearsay. Thus, even though the report concluded that Ms. Pressley "did not sustain an injury of any kind in the 5/6/04 motor vehicle accident,” that she may have sustained minor injuries in a subsequent accident on December 24, 2004, and that none of the treatment for which PIP benefits were sought was medically necessary for either accident, the trial court correctly disregarded the report in ruling on Ms. Pressley's motion for summary judgment. See Fla. R. Civ. P. 1.510(e).

. We note that the Second District Court of Appeal stated in dicta that section 627.736(5)(b)1, added in 2001, shows that section 627.736(5)(c) does not prevent a PIP insurer from paying claims to persons or entities other than medical providers. See Prof'l Consulting Servs., 849 So.2d at 448. Section 627.736(5)(b)1 provides that an insurer is not required to pay a claim made by a broker or made on behalf of a broker. This statute, which was added based upon the recommendations of the Fifteenth Statewide Grand Jury, merely clarified that an insurer need not pay claims made by brokers and removed incentives for brokering, which were specific areas of PIP insurance fraud identified by the Grand Jury. See Fla. S. Comm. on Crim. Just, and Banking & Ins., CS for SB 1092 (2001) Staff Analysis 1-2 (April 23, 2001) (on file with comm.). Thus, in our view, this statutory amendment is not inconsistent with an interpretation that only medical providers, not brokers or other third parties, can submit claims for medical bills to be paid by the PIP insurer.

. We agree with State Farm that if PIP benefits are not payable, then MPC benefits are not payable because, under the terms of the policy at issue in this case, MPC benefits are essentially excess coverage that is not implicated until PIP benefits are paid and exhausted.