MORRIS, Judge.
Allstate Fire and Casualty Insurance Company appeals a county court order entering summary judgment in favor of Dr. Jeffrey Tedder, as assignee of Jorge Perez’s personal injury protection (PIP) benefits under Perez’s automobile insurance policy. The county court entered an order certifying the issue addressed in the final judgment as a matter of great public importance, and this court exercised its discretionary review power and accepted jurisdiction of the appeal. See Fla. R.App. P. 9.160. We frame the issue as follows:
WHEN A PARTICULAR CPT BILLING CODE IS NO LONGER RECOGNIZED BY MEDICARE PART B BUT THE SERVICE REPRESENTED IN THAT BILLING CODE REMAINS COVERED UNDER MEDICARE PART B, IS THE SERVICE “REIMBURSABLE UNDER MEDICARE *961 PART B” FOR PURPOSES OF SECTION 627.736(5)(a)(2)(f), FLORIDA STATUTES (2009)?
We answer the question in the affirmative, and we affirm the final judgment of the county court.
I. Facts
On March 8, 2009, the insured, Jorge Perez, was injured in an automobile accident. At the time of the accident, Perez was covered by an automobile policy which provided PIP benefits as required by the Florida Motor Vehicle No-Fault Law. See generally §§ 627.730-.7405, Fla. Stat. (2009). The policy was issued by Allstate. On January 11, 2010, Perez sought medical treatment from Dr. Tedder for the injuries he sustained in the accident. Perez then assigned his benefits to Dr. Tedder. Dr. Tedder submitted a bill to Allstate for $675 and sought reimbursement for the consultation services he provided to Perez.
In his bill for services, Dr. Tedder identified the consultation services by referencing CPT code 99245.[1] After receiving Dr. Tedder’s bill and a presuit demand for payment, Allstate ultimately paid $192.80, which represented 80% of the fee for CPT code 99245 under the workers’ compensation fee schedule rather than 80% of 200% of the amount allowable under the participating physicians fee schedule for Medicare Part B. See § 627.736(5)(a)(2)(f). Allstate declined to apply the Medicare Part B schedule because on January 1, 2010, just days before Dr. Tedder provided his consultation services to Perez, the U.S. Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS), determined that it would no longer recognize CPT code 99245 for payment under Medicare Part B.
Dr. Tedder then filed suit against Allstate seeking a declaration that Allstate improperly used the workers’ compensation fee schedule for the consultation services when the services were reimbursable under Medicare Part B. Dr. Tedder also alleged a count for breach of contract claiming that Allstate had not paid the minimum amount required by the PIP statute as promised by the policy. Both parties moved for summary judgment. Dr. Tedder argued that Medicare’s decision to no longer recognize CPT code 99245 only applies to Medicare beneficiaries and does not affect private citizens insured under the PIP laws. Dr. Tedder also argued that Allstate should not have paid the claim in an amount less than the allowable amount under the participating physicians schedule for Medicare Part B for 2007. In opposition, Allstate asserted that CPT code 99245 is not reimbursable under the Medicare Part B schedule for 2010 and that Allstate properly applied the workers’ compensation schedule as allowed by section 627.736(5)(a)(2)(f).
The county court entered final summary judgment in favor of Dr. Tedder. The county court ruled that “the nature of the medical services in question, i.e.[,] consultation services, are allowable services under Medicare Part B for 2010, notwithstanding the Medicare change in the CPT coding effective January 1, 2010.” The court went on to conclude that Allstate incorrectly utilized the workers’ compensation schedule because the workers’ compensation schedule “only eome[s] into effect under PIP when the services in question are otherwise not re *962 imbursable under Medicare Part B but are reimbursable under [w]orkers[’] compensation.” The court ruled that the consultation services “remain reimbursable under Medicare Part B” and should have been reimbursed at the “amount allowable under the participating physicians schedule of Medicare Part B for 2007.”
After the county court entered final summary judgment, it entered an order on rehearing certifying its final judgment as a matter of great public importance pursuant to rule 9.160. Specifically, the order states that the “issue in this matter is interpretation [of section] 627.736(5)(a)(2), (3), and (4) as it relates to consultation codes and the proper fee schedule utilization therein under law.”
II. Analysis
On appeal, Allstate argues that it properly applied the workers’ compensation fee schedule because CPT code 99245 is no longer reimbursable under the 2010 Medicare Part B participating physicians fee schedule. We review de novo the county court’s interpretation of the relevant PIP statute and its determination that Dr. Tedder is entitled to summary judgment as a matter of law. See Allstate Ins. Co. v. Holy Cross Hosp., Inc., 961 So.2d 328, 331 (Fla.2007); Judy v. MSMC Venture, LLC, 100 So.3d 1287, 1288 (Fla. 2d DCA 2012).
Under section 627.736, an insurer may “choose between two different payment calculation methodology options.” Kingsway Amigo Ins. Co. v. Ocean Health, Inc., 63 So.3d 63, 67 (Fla. 4th DCA 2011). The insurer may either pay reasonable medical expenses as provided in subsection (5)(a)(l), or the insurer may limit reimbursement according to the parameters of subsection (5)(a)(2). The latter subsection provides the following relevant language:
2. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:
f. For all other medical services, supplies, and care, 200 percent of the allowable amount under the participating physicians schedule of Medicare Part B. However, if such services, supplies, or care is not reimbursable under Medicare Part B, the insurer may limit reimbursement to 80 percent of the maximum reimbursable allowance under worker’s compensation, as determined under s. 440.13 and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. Services, supplies, or care that is not reimbursable under Medicare or workers’ compensation is not required to be reimbursed by the insurer.
§ 627.736(5)(a)(2)(f) (emphasis added). Thus, under section 627.736(5)(a)(2)(f), if services are not “reimbursable” under Medicare Part B, they may be reimbursed under the workers’ compensation schedule. Because Allstate chose to pay the bill according to the provisions of subsection (5)(a)(2)(f), we must decide whether the services in this case are reimbursable under Medicare Part B.
In its publication MLN Matters Number: MM67W, CMS explained that certain CPT consultation codes are no longer recognized for payment under Medicare Part B: “[Effective January 1, 2010, the [CPT] consultation codes (ranges 99241-99245 and 99251-99255) are no longer recognized for Medicare Part B payment.” Centers for Medicare & Medicaid Servs., U.S. Dep’t of Health & Human Services, MLN Matters Number: MM67I0, at 2 (revised on November 8, *963 2011).[2] However, the article went on to explain that the services represented in those codes are still covered services: “Although CMS has eliminated the use of the CPT consultation codes for payment of [evaluation and management] services furnished to Medicare fee-for-service patients, those [evaluation and management] services themselves continue to be covered services if they are medically reasonable and necessary....” Id. at 3 (emphasis added). Therefore, it is clear that the services represented by CPT code 99245 are still covered by Medicare Part B if they are medically reasonable and necessary.[3] It then follows that the services are “reimbursable under Medicare Part B” for purposes of section 627.736(5)(a)(2)(f). The language of section 627.736(5)(a)(2)(f) is clear. The statute focuses on whether services, supplies, or care is “reimbursable under Medicare Part B”; it does not require that CPT codes be recognized by Medicare for reimbursement purposes. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (“ ‘[T]he statute must be given its plain and obvious meaning.’ ” (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931))). While CPT codes help to clearly identify services that may be reimbursable under the PIP statute, a CPT code alone does not dictate whether a service is reimbursable under the statute. As the county court ruled, it is the nature of the medical service that controls. This plain reading of the statute is consistent with the well-established rule in Florida that the PIP statute should be construed liberally in favor of the insured. See State Farm, Mut. Auto. Ins. Co. v. Pressley, 28 So.3d 105, 108 (Fla. 1st DCA 2010) (citing Farmer v. Protective Cas. Ins. Co., 530 So.2d 356 (Fla. 2d DCA 1988)).
Because the services provided by Dr. Tedder are reimbursable under Medicare Part B, Allstate was not permitted to utilize the worker’s compensation fee schedule. Allstate was required to reimburse Dr. Tedder under a Medicare Part B fee schedule. Section 627.736(5)(a)(3) provides that
[f]or purposes of subparagraph 2., the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect at the time the services, supplies, or care was rendered and for the area in which such services were rendered, except that it may not be less than the allowable amount under the participating physicians schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.
The applicable fee schedule in effect at the time the services were rendered was the 2010 Medicare Part B fee schedule. But as noted above, the CPT code was not recognized under the 2010 Medicare Part B fee schedule although the services are still reimbursable under Medicare Part B; therefore, Allstate should have referred to the Medicare Part B schedule for 2007, which is the baseline for services reimbursable under Medicare Part B. See id.
We acknowledge that section 627.736(5)(d) requires providers to submit bills for services that comply with the CPT coding in effect for the year in which the services are rendered.[4] We cannot say *964 that Dr. Tedder failed to comply with this provision because there has been no allegation that CPT code 99245 was eliminated from the general CPT coding system used outside of the Medicare system. But we understand the confusion that is likely caused when a provider uses a CPT code that, while still valid in the medical community, is no longer recognized by the current Medicare Part B schedule but the services are considered covered and therefore reimbursable under Medicare Part B. As in this case, the insurer would have to look beyond the CPT code to determine whether the services represented in the code are reimbursable under Medicare Part B. We understand that this complicates the reimbursement process under the PIP statute. Nonetheless, we are bound by the plain language of section 627.786(5)(a)(2)(f), which does not require a CPT code to be recognized by Medicare Part B if the services are otherwise covered and reimbursable under Medicare Part B. See Overstreet v. State, 629 So.2d 125, 126 (Fla.1993) (“If the legislature did not intend the results mandated by the statute’s plain language, then the appropriate remedy is for it to amend the statute.”); Peace River/Manasota Reg’l Water Supply Auth. v. IMC Phosphates Co., 18 So.3d 1079, 1087 (Fla. 2d DCA 2009) (“[T]his court is not permitted to add words to a statute that were not placed there by the legislature.”).
III. Conclusion
In sum, we hold that the county court correctly concluded that the consultation services provided by Dr. Tedder are reimbursable under section 627.736(5)(a)(2)(f) despite the fact that the CPT code used to identify those services is no longer recognized by Medicare Part B.
Affirmed.
DAVIS and WALLACE, JJ., Concur.

. CPT stands for Current Procedural Terminology and is a registered trademark of the American Medical Association. See http:// www.ama-assn.org/ama/pub/physician-resources/solutions-managing-your-practice/ coding-billing-insurance/cpt.page (last visited March 18, 2013).

.The article can be found at http://www.cms. gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNMatters Articles/downloads/mm6740.pdf (last visited March 18, 2013).

. Allstate does not argue that the consultation services were not medically reasonable and necessary.

. Section 627.736(5)(d) provides in relevant part that
*964 [a]Il billings for such services rendered by providers shall, to the extent applicable, follow the Physicians’ Current Procedural Terminology (CPT) or Healthcare Correct Procedural Coding System (HCPCS), or ICD-9 in effect for the year in which services are rendered and comply with the Centers for Medicare and Medicaid Services (CMS) 1500 form instructions and the American Medical Association Current Procedural Terminology (CPT) Editorial Panel and Healthcare Correct Procedural Coding System (HCPCS).