# Third District Court of Appeal

**State of Florida**

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2290
Lower Tribunal No. 10-47390
_____

**State Farm Mutual Automobile Insurance Company,**
Appellant,

vs.

**Isabel Gonzalez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, and Kenneth P. Hazouri (Orlando), for appellant.

Schwartz & Kirschbaum, and Michael J. Schwartz, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

State Farm Mutual Automobile Insurance Company ("State Farm") appeals

from a final judgment awarding its insured, Isabel Gonzalez ("Gonzalez"), $685 in

personal injury protection ("PIP") and medical payment ("Med-Pay") benefits for emergency treatment rendered at Mariners Hospital. Because the record reflects that Gonzalez failed to comply with the notice requirements of section 627.736(5)(d), Florida Statutes (2000), State Farm did not owe PIP or Med-Pay benefits to Gonzalez for her treatment at Mariners Hospital. Accordingly, we reverse and remand for entry of a final judgment in favor of State Farm.

On May 27, 2001, when Gonzalez was hit by a vehicle, she was transported to and received treatment at Mariners Hospital's emergency room. Mariners Hospital billed Gonzalez's health insurer, CarePlus, $685 for the services, but did not bill State Farm. CarePlus paid the bill.

On January 15, 2002, Gonzalez's counsel sent a letter of representation to State Farm, stating that Gonzalez was injured in the accident, requesting that State Farm provide insurance information as required by statute, and attaching the police report of the accident that indicated Gonzalez was transported to Mariners Hospital. This letter, however, did not include a bill or a statement of Mariners Hospital's charges, nor demand payment of specific medical services provided to Gonzalez.

After receiving the letter of representation, State Farm sent numerous letters and made several calls to Gonzalez's counsel requesting that counsel provide information as to any treatment received by Gonzalez as a result of the accident

2

and submit any bills and/or statements for any such medical treatment. Gonzalez's counsel failed to respond, and after State Farm did not receive any information from Gonzalez's counsel for nearly two years, State Farm closed its claim in August 2004.

After Gonzalez's repeated failure to provide State Farm with the requested information regarding her medical treatment and nearly five years after the accident, on May 26, 2006, Gonzalez filed an action against State Farm seeking to collect uninsured motorist ("UM") benefits. State Farm and Gonzalez settled the UM action for $80,000. Less than a month after settling the UM action, Gonzalez's counsel demanded that State Farm pay an additional $10,000 in PIP and $10,000 in Med-Pay benefits for services rendered by three medical providers—Mariners Hospital ($685), Miami Neuro Center ($31,103), and American Orthopedic ($350). When State Farm did not pay Gonzalez's demands, Gonzalez filed suit against State Farm seeking allegedly overdue and unpaid PIP benefits under section 627.736, Florida Statutes (2000), and Med-Pay benefits under the State Farm policy. During the litigation, Gonzalez was forced to abandon her claim as to American Orthopedic when it was learned that those services were rendered prior to the date of the accident. Just prior to the entry of the final judgment, Gonzalez abandoned her claim for $31,103 as to Miami Neuro

3

Center after State Farm learned that the lien for those services had been reduced to $1000.

Thereafter, State Farm moved for summary judgment, asserting in part that it did not owe PIP and Med-Pay benefits for Mariners Hospital's charges because State Farm did not receive a statement of charges as required under section 627.736(5)(d). The trial court denied State Farm's motion for summary judgment, and because State Farm did not challenge the reasonableness, relatedness, and necessity of Mariners Hospital's charges, the trial court entered a final judgment awarding Gonzalez $685 in PIP and Med-Pay benefits for the treatment rendered at Mariners Hospital. State Farm's appeal followed.

State Farm contends that the trial court erred by denying its motion for summary judgment because State Farm was never provided with a statement of Mariners Hospital's charges in compliance with section 627.736(5)(d), and therefore, State Farm was not furnished with the requisite notice of the PIP claim. State Farm argued that because it did not receive notice, the PIP benefits and the Med-Pay benefits never became due. We agree.

An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); State Farm Mut. Auto. Ins. Co. v. Pressley, 28 So. 3d 105, 107 (Fla. 1st DCA 2010). "Summary judgment is proper when there is no genuine

4

issue of material fact and the moving party is entitled to judgment as a matter of law." Pressley, 28 So. 3d at 107.

In the instant case, it is undisputed that the statement State Farm received for Mariners Hospital's medical services did not comply with section 627.736(5)(d). Specifically, the statement was not submitted on one of the required forms and did not identify each medical procedure by the Physicians' Current Procedural Terminology. Section 627.736(5)(d) specifically provides that "[a]ll statements and bills for medical services rendered by any . . . hospital . . . shall be submitted to the insurer on a Health Care Finance Administration 1500 form, UB 92 forms, or any other standard form approved by the department for purposes of this billing. All billings for such services shall, to the extent applicable, follow the Physicians' Current Procedural Terminology . . . ." See Pressley, 28 So. 3d at 108 (holding that the trial court erred in denying State Farm's motion for summary judgment because the medical providers' bills were not submitted on the forms required by section 627.736(5)(d), and therefore, no PIP benefits were overdue).

Although section 627.736(4)(b) provides that PIP benefits "shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same," section 627.736(5)(d) provides that "[f]or purposes of paragraph 4(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the

5

statements or bills comply with this paragraph." Because the statement for medical services rendered by Mariners Hospital did not comply with section 627.736(5)(d), State Farm did not receive notice of the PIP claim, and therefore, the PIP benefits never became due. Pressley, 28 So. 3d at 108.

State Farm's policy also specifically provides that if the PIP benefits are not payable, the Med-Pay benefits are not payable because the Med-Pay benefits are essentially excess coverage that is not implicated until PIP benefits are paid and exhausted. See id. at 109 n.3. Because Gonzalez failed to comply with the notice requirements under section 627.736 and her State Farm policy, State Farm had no notice and no obligation to pay for the services Gonzalez claims she received and claims are due. We therefore reverse the final judgment awarding Gonzalez PIP and Med-Pay benefits and remand for entry of a final judgment in favor of State Farm.

Reversed and remanded.