DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**LAUDERHILL MEDICAL CENTER LLC,**
a/a/o **ROBERT WHITE,**
Appellee.

No. 4D21-2308

[November 9, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Olga Gonzalez Levine, Judge; L.T. Case No. COWE-20-22728.

Michael J. Neimand, Miami, for appellant.

John C. Daly, Christina M. Kalin, and Matthew C. Barber of Daly & Barber, P.A., Plantation, for appellee.

LEVINE, J.

Lauderhill Medical Center, the medical provider, provided "vibe therapy" to an insured party involved in a motor vehicle accident. The medical provider billed the therapy under the non-specific CPT code of 97039, which does not have a set reimbursement price attached to it. The insurer, United Auto Insurance Company, paid the claim to the medical provider as an assignee of the insured, in accord with the workers' compensation fee schedule. The medical provider filed a complaint against the insurer for underpayment of PIP benefits, claiming that reimbursement should have been made pursuant to the higher-paid Medicare fee schedule.

Ultimately, the trial court entered final summary judgment for the medical provider. On appeal, the insurer argues that the trial court erred in determining that reimbursement under the workers' compensation fee schedule was improper. Based on the plain language of the applicable statute, we agree with the trial court and find that the medical service provided by the provider was reimbursable under Medicare Part B. As

such, we affirm.

In December 2019, the insured was involved in a motor vehicle accident. The insured's injuries were treated, in part, with "vibe therapy."[1] The insurer paid the medical provider 80% of the maximum charges permitted under the workers' compensation schedule pursuant to section 627.736(5)(a)(1)(f), Florida Statutes (2019). The insurer claimed that the service was not reimbursable under Medicare Part B, and therefore, the allowable reimbursement was limited to 80% of the maximum reimbursable allowance under workers' compensation.

The medical provider argued that CPT code 97039 is an allowable code under Medicare Part B, but since that code has no set price, the claim should be paid at a reasonable amount up to 80% of 200% of the allowable amount under the Medicare fee schedule.[2] The trial court entered final summary judgment in favor of the medical provider, relying on *Allstate Fire & Casualty Insurance Co. v. Perez ex rel. Jeffrey Tedder, M.D., P.A.*, 111 So. 3d 960 (Fla. 2d DCA 2013). The trial court ordered that the insurer reimburse the medical provider pursuant to the Medicare Part B fee schedule for the claim. This appeal follows.

We interpret the text and provisions of the PIP statute de novo. *MRI Assocs. of Tampa, Inc. v. State Farm Mut. Auto. Ins. Co.*, 334 So. 3d 577, 583 (Fla. 2021). Summary judgment is also subject to the de novo standard of review. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

Section 627.736, the pertinent statute for determining the parameters of reimbursement of medical services under PIP, provides as follows:

> (5) Charges for treatment of injured persons.—
>
> (a) A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily

---

[1] The expert witness affidavit defined vibe therapy as providing a massage using a "power vibe machine." He described the machine as "a patented sonic vibration technology whole body vibration which uses vibration for maximum muscle toning and lymph drainage."

[2] In support that CPT code 97039 does not have a set price under Medicare Part B, the medical provider relied on multiple authorities, including CMS.gov physician fee schedule search results, First Coast Service Options Local Coverage Determination, AAPC Coder excerpts, 70 Fed. Reg. 70116-01 (Nov. 21, 2005), the National Correct Coding Initiative Policy Manual, and Florida Administrative Code Rule 69B-220.201.

injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered . . . .

1. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:

 . . . .

f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:

(I) The participating physicians fee schedule of Medicare Part B, except as provided in sub-sub-subparagraphs (II) and (III).

(II) Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.

(III) The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.

*However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in this sub-subparagraph, the insurer may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation,* as determined under s. 440.13 and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. Services, supplies, or care that is not reimbursable under Medicare or workers' compensation is not required to be reimbursed by the insurer.

§ 627.736(5), Fla. Stat. (2019) (emphasis added).

When interpreting the PIP statute, like all other statutory provisions, a court is bound by the plain language meaning of the text and its provisions. *MRI Assoc.,* 334 So. 3d at 583. A court is to "presume that a legislature says in a statute what it means and means in a statute what it says there." *Id.* (citation omitted). We are required to give effect "to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *Am. Home Assur. Co. v. Plaza Materials Corp.,* 908 So. 2d 360, 366 (Fla. 2005) (citation

omitted).

Finally, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." *Id.* (citation omitted). "[R]elated statutory provisions must be read together to achieve a consistent whole, and that '[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.'" *Woodham v. Blue Cross & Blue Shield of Fla., Inc.,* 829 So. 2d 891, 898 (Fla. 2002) (citations omitted).

A key provision of section 627.736(5) is that "if such services, supplies, or care *is not reimbursable* under Medicare Part B, as provided in this sub-subparagraph, the insurer may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13. . . . " (emphasis added).

Thus, the workers' compensation schedule applies only if the services provided are not reimbursable under Medicare Part B. If a CPT code, such as 97039, has no set price but is still reimbursable under the Medicare fee schedule, then the PIP statute would allow a reasonable amount up to 80% of 200% of the allowable amount, instead of the workers' compensation schedule.[3]

The trial court, in granting final summary judgment, relied on *Perez.* We also find that case to be persuasive. In *Perez*, a doctor provided medical services billed under a previously recognized CPT billing code, which was no longer a recognized code on the date of the provision of services. 111 So. 3d at 961. However, the medical services provided were still covered under Medicare Part B. *Id.* at 962-63. In *Perez*, like the present case, the insurer paid the medical provider under the workers'

---

[3] Medicare specifically addresses situations where the service is covered, but there is no delineated amount in a fee schedule: "We recognize that there may be services or procedures performed that have no specific CPT codes assigned. In these situations, it is appropriate to use one of the CPT codes designated for reporting unlisted procedures." *Medicare Program; Revisions to Payment Policies Under the Physician Fee Schedule for Calendar Year 2006 and Certain Provisions Related to the Competitive Acquisition Program of Outpatient Drugs and Biologicals Under Part B*, 70 FR 70116-01 (Nov. 21, 2005). *See also* § 627.736(5)(a)(3), Fla. Stat. (2019) (providing that an insurer is not prohibited "from using the Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers, to determine the appropriate amount of reimbursement for medical services, supplies, or care if the coding policy or payment methodology does not constitute a utilization limit").

compensation fee schedule instead of under the fee schedule for Medicare Part B. *Id.* at 961.

The court in *Perez* determined that the insurer erred in using the workers' compensation schedule, and not the Medicare Part B schedule. *Id.* at 963. The court recognized that although the specific CPT code was not recognized for payment, the services represented in the code were still covered under Medicare Part B, if medically reasonable and necessary. *Id.* at 662-63. The Second District reasoned:

> The language of section 627.736(5)(a)(2)(f) [now 627.736(5)(a)(1)(f)] is clear. *The statute focuses on whether services, supplies, or care is "reimbursable under Medicare Part B"; it does not require that CPT codes be recognized by Medicare for reimbursement purposes. While CPT codes help to clearly identify services that may be reimbursable under the PIP statute, a CPT code alone does not dictate whether a service is reimbursable under the statute. As the county court ruled, it is the nature of the medical service that controls.* This plain reading of the statute is consistent with the well-established rule in Florida that the PIP statute should be construed liberally in favor of the insured.

*Id.* at 963 (citations omitted) (emphasis added). The Second District further stated:

> [W]e understand the confusion that is likely caused when a provider uses a CPT code that, while still valid in the medical community, is no longer recognized by the current Medicare Part B schedule but the services are considered covered and therefore reimbursable under Medicare Part B. As in this case, the insurer would have to look beyond the CPT code to determine whether the services represented in the code are reimbursable under Medicare Part B. We understand that this complicates the reimbursement process under the PIP statute. Nonetheless, *we are bound by the plain language of section 627.736(5)(a)(2)(f), which does not require a CPT code to be recognized by Medicare Part B if the services are otherwise covered and reimbursable under Medicare Part B.*

*Id.* at 964 (emphasis added).

The insurer attempts to distinguish *Perez* from the present case, inasmuch as the statutory version applicable in the present case differs

from the version utilized in the *Perez* case.

In the version of the statute applicable in the present case, the additional language amounted to the following: "as provided in this sub-subparagraph." The additional verbiage does not change our reliance on *Perez*. The amended version of the statute does not change the focus on whether the service is reimbursable under Medicare Part B. Nothing in the statutory version, effective at the time of the *Perez* case or the present case, added a requirement that CPT codes have a set value under a fee schedule under Medicare to be reimbursed. Had the legislature intended that those services have a corresponding and specific set reimbursement rate under Medicare or default to the workers' compensation billing, it would have said so. This court is not empowered to impose an additional statutory requirement for reimbursement not written by the legislature. *Hayes v.* State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature.").

Finally, if we were to accept the insurer's argument and require a specific CPT code and reimbursement rate and default to the workers' compensation schedule in its absence under Medicare Part B, that interpretation would render the "80% of the 200%" of the allowable amount under Medicare mere surplusage. *See Am. Home Assur. Co.*, 908 So. 2d at 366 (recognizing that a court is required to give effect "to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage") (citation omitted).

In summary, we find that the trial court correctly determined that the proper payment under section 627.736(5) was pursuant to Medicare Part B. We affirm.

*Affirmed.*

CONNER and KUNTZ, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

6