DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**CHIRONEX ENTERPRISES, INC.,** a/a/o **EMILY ECHEGARAY,**
Appellee.

No. 4D21-2307

[November 30, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO20-015892.

Sean M. Sweeney, Miami, for appellant.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellee.

LEVINE, J.

United Automobile Insurance Company appeals a final order requiring it to reimburse Chironex Enterprises, Inc., for low-level laser therapy which Chironex provided to an insured party following an automobile accident. United Auto originally declined reimbursement because the CPT code billed by Chironex for the therapy, S8948, is not specifically recognized by either the Medicare Part B or workers' compensation fee schedules. Because we have previously held that it is the nature of the service that controls and not the billed CPT code, we affirm the trial court's order and find that Chironex was entitled to reimbursement for the therapy provided.

Chironex sued as an assignee for unpaid PIP benefits, claiming that United Auto had wrongfully denied its claim for reimbursement for low-level laser therapy provided to the insured.[1] Chironex billed United Auto using the specific CPT code for low-level laser therapy, S8948. CPT code S8948 is recognized by private payers for low-level laser therapy, but not

---

[1] According to Chironex, the therapy involved applying a laser to the insured's lumbar region for 15 minutes during each session.

under the Medicare Part B or workers' compensation fee schedules. United Auto responded that no further payment was due to Chironex.

Chironex moved for summary disposition, arguing that the low-level laser therapy it provided was compensable instead under the more general CPT code, 97039, which is recognized under both the Medicare and workers' compensation fee schedules. Chironex argued that pursuant to *Allstate Fire & Casualty Insurance Co. v. Perez ex rel. Jeffrey Tedder, M.D., P.A.*, 111 So. 3d 960 (Fla. 2d DCA 2013), whether a medical provider is entitled to reimbursement under section 627.736 focuses on whether the service itself is reimbursable, not the CPT code utilized. Chironex argued that United Auto was required to reimburse according to the less specific code of 97039, even though Chironex initially billed under S8948, because the service itself was reimbursable.

Chironex filed multiple documents in support of its motion, including the definition of both CPT codes S8948 and 97039. The CPT code initially utilized by Chironex, S8948, is defined by the Healthcare Common Procedure Coding System as "[a]pplication of a modality (requiring constant provider attendance) to one or more areas; low-level laser; each 15 minutes." The CPT code under which Chironex subsequently argued it was due reimbursement, 97039, is treatment with an "[u]nlisted modality" as defined by the American Academy of Professional Coders.[2] CPT code 97039 includes "constant attendance" modalities, such as the laser therapy provided by Chironex. Other documents filed by Chironex also recognized low-level laser therapy as reimbursable under CPT code 97039.

United Auto did not file a response to Chironex's motion for summary disposition. It filed only the affidavit of a claims supervisor, stating that neither S8948 nor laser therapy was "a medical service" reimbursable under Medicare Part B or workers' compensation. The affidavit summarily concluded that Chironex had been properly reimbursed.

The trial court granted Chironex's motion for summary disposition, finding that pursuant to section 627.736(5) and *Perez*, the focus is on whether the services are reimbursable under the Medicare Part B or workers' compensation fee schedules, not on whether the particular CPT code is reimbursable. The trial court further determined that Chironex was entitled to reimbursement under the workers' compensation fee

---

[2] The AAPC defines a modality as "[a]ny physical agent applied to produce therapeutic changes to biologic tissues; includes but not limited to thermal, acoustic, light, mechanical, or electric energy."

schedule[3] and that the services were reasonable, related, and medically necessary. The trial court ordered United Auto to pay Chironex $120 in PIP benefits, plus statutory interest of $6.54. This appeal follows.

United Auto argues that "S8948 low level laser therapy" is not reimbursable under the Medicare Part B or workers' compensation fee schedules, and as such, Chironex is not entitled to reimbursement under section 627.736(5)(a)(1)(f).

We review the entry of summary judgment de novo. *Orlando v. FEI Hollywood, Inc.*, 898 So. 2d 167, 168 (Fla. 4th DCA 2005). We also review issues of statutory interpretation de novo. *B.Y. v. Dep't of Children & Families*, 887 So. 2d 1253, 1255 (Fla. 2004).

Section 627.736 governs reimbursement of PIP benefits and provides as follows:

> (5) Charges for treatment of injured persons.—
>
> (a) A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered . . . .
>
> 1. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:
>
> . . . .
>
> f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:
>
> (I) The participating physicians fee schedule of Medicare Part B, except as provided in sub-sub-subparagraphs (II) and (III).
>
> (II) Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.

---

[3] Chironex does not contest the rate of reimbursement on appeal or whether the reimbursement rate should be under workers' compensation or Medicare Part B fee schedule.

(III) The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.

However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in this sub-subparagraph, the insurer may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13 and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. *Services, supplies, or care that is not reimbursable under Medicare or workers' compensation is not required to be reimbursed by the insurer.*

§ 627.736(5), Fla. Stat. (2020) (emphasis added).

"As with the interpretation of any statute, the starting point of analysis is the actual language of the statute." *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011). When a statute is unambiguous, this court generally need not resort to other rules of statutory construction. *City of Miami Beach v. Galbut*, 626 So. 2d 192, 193 (Fla. 1993) . However, the law of statutory interpretation does not "require[] interpreters to make a threshold determination of whether a term has a 'plain' or 'clear' meaning in isolation, without considering the statutory context and without the aid of whatever canons might shed light on the interpretive issues in dispute." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022).

Under the plain language of the statute, as previously interpreted by this court, it is the nature of the medical service that controls, not the billed CPT code. *United Auto. Ins. Co. v. Lauderhill Med. Ctr. LLC*, No. 4D21-2308 (Fla. 4th DCA Nov. 9, 2022); *United Auto. Ins. Co. v. Lauderhill Med. Ctr. LLC*, No. 4D21-3336 (Fla. 4th DCA Nov. 9, 2022); *see also Perez*, 111 So. 3d 960. Thus, contrary to United Auto's contention, it is ultimately irrelevant whether S8948 is recognized under the fee schedules.

In *Lauderhill Medical*, No. 4D21-2308, the insurer reimbursed the medical provider according to the workers' compensation fee schedule as opposed to the higher paying Medicare Part B fee schedule. *Id.*, slip op. at 1. We affirmed the trial court's determination that the insurer was required to reimburse according to the Medicare Part B fee schedule because the service itself was reimbursable even though the billed CPT code was not. *Id.*, slip op. at 1-2. We explained:

4

> The language of section 627.736(5)(a)(2)(f) [now 627.736(5)(a)(1)(f)] is clear. *The statute focuses on whether services, supplies, or care is "reimbursable under Medicare Part B"; it does not require that CPT codes be recognized by Medicare for reimbursement purposes.* While CPT codes help to clearly identify services that may be reimbursable under the PIP statute, a CPT code alone does not dictate whether a service is reimbursable under the statute. As the county court ruled, it is the nature of the medical service that controls. This plain reading of the statute is consistent with the well-established rule in Florida that the PIP statute should be construed liberally in favor of the insured.

*Id.*, slip op. at 5 (quoting *Perez*, 111 So. 3d at 963) (emphasis omitted).

In this case, the plain language of the relevant statutory provision, that "[s]ervices, supplies, or care that is not reimbursable under Medicare or workers' compensation is not required to be reimbursed by the insurer," places the emphasis for reimbursement on the service provided. Focusing solely on the CPT code would be contrary to the dictates of the statute, where the relevant subsection does not even reference CPT codes. Just like *Lauderhill Medical*, "we are bound by the plain language of section 627.736(5)(a)([1])(f), which does not require a CPT code to be recognized by Medicare Part B if the services are otherwise covered and reimbursable under Medicare Part B." *Id.* (quoting *Perez*, 111 So. 3d at 964) (emphasis omitted). We find that the focus of the last portion of subsection (5)(a)(1)(f), allowing an insurer to avoid reimbursement if the service is not covered under Medicare Part B and workers' compensation, is also on the service provided.

The service provided by Chironex, low-level laser therapy, is a covered service under the appropriate fee schedules. Chironex provided evidence that treatment with unlisted modalities is a covered service under the fee schedules. Laser therapy would be an unlisted modality, which is "[a]ny physical agent applied to produce therapeutic changes to biologic tissues; includes but not limited to thermal, acoustic, light, mechanical, or electric energy." Thus, because this therapy is a covered service, it is required to be reimbursed by the insurer.

Even though it is the service that controls reimbursement, and not the billed CPT code, the fact that the service provided is reimbursable under a more general code is further evidence that United Auto is required to reimburse Chironex for the low-level laser therapy. While S8948 is recognized only by commercial payors, 97039 is a more general CPT code

5

which also encompasses the therapy provided by Chironex. Documents filed by Chironex recommended that providers bill for low-level laser therapy under the covered CPT code 97039. The doctor who treated the insured also stated in a sworn affidavit that the therapy provided under "CPT Code S8948 for the low level laser therapy rendered . . . is a service that is also reimbursable under CPT Code 97039 which is the corresponding code for low level therapy treatment." The only evidence provided by United Auto in opposition of Chironex's motion for summary disposition was an affidavit of one of United Auto's claim adjusters. The affidavit stated that CPT code S8948 was not recognized or reimbursable under Medicare Part B or the workers' compensation fee schedule. Again, as the service itself is the controlling factor and not the CPT code, the sworn affidavit did not sufficiently oppose Chironex's motion. Low-level laser therapy is a covered *service* for which payment by the insurer was required.

Notedly, United Auto does not dispute that 97039 is reimbursable pursuant to either the Medicare Part B or the workers' compensation fee schedules, or that low-level laser therapy is reimbursable under 97039. In support of its motion for summary disposition, Chironex provided evidence that medical providers will bill insurers for low-level laser therapy under the more general, reimbursable CPT code 97039. United Auto argues that section 627.736 does not require it to convert a specific, non-billable CPT code to a general, reimbursable CPT code, but *Perez* contemplated that exact situation. *Perez* held that insurers "would have to look beyond the CPT code to determine whether the services represented in the code are reimbursable." 111 So. 3d at 964. Thus, contrary to United Auto's position, the inquiry of it and similarly situated insurers does not end at the billed CPT code. Rather, the insurers must contemplate whether the service is covered when determining if there is coverage.

In summary, we find that the trial court correctly determined that the nature of the service controls and United Auto is required to reimburse Chironex for the low-level laser therapy, a covered service.[4]

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

---

[4] United Auto also attempts to distinguish *Perez* based on a statutory amendment. Because this argument was disposed of and discussed in *Lauderhill Medical Center LLC*, No. 21-2308, we affirm without further comment.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*